FILED
United States Court of Appeals
Tenth Circuit

May 5, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

PAUL W. DRIGGERS,

        Plaintiff–Appellant,

v.

A. CLARK, S.H.U. Lt.; JOHN DOE,
S.I.S. Lt., Seatac Washington; JOHN
DOE, Housing Assignment Officer
OKC; UNITED STATES BUREAU
OF PRISONS; NATIONAL CRIME
INFORMATION CENTER OF FBI;
U.S. PROBATION OFFICE, Phoenix,
AZ,

        Defendants–Appellees.

No. 10-6267
(D.C. No. 5:10-CV-00877-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Paul Driggers, a federal prisoner proceeding pro se, appeals the dismissal

of his civil rights complaint filed pursuant to <u>Bivens v. Six Unknown Named</u>

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of Driggers' claims against five defendants for failure to state a claim under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).  We also affirm the district court's determination that it lacked personal jurisdiction over defendant John Doe I, but remand for the district court to determine whether the claims against John Doe I should be transferred under 28 U.S.C. § 1631 rather than dismissed.  See Trujillo v. Williams, 465 F.3d 1210, 1222-23, 1229 (10th Cir. 2006).

# I

On August 9, 2010, Driggers filed suit in the United States District Court for the Western District of Oklahoma, alleging three prison officials and three federal agencies (collectively, "Defendants") violated and conspired to violate his First Amendment rights to free speech and association, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fifth and Fourteenth Amendment rights to due process and equal protection.[2]  He seeks damages and

---

[1]     We liberally construe Driggers' pro se filings.  Yang v. Archuleta, 525 F.3d 925, 927 (10th Cir. 2008).

[2]     The named defendants are:  (1) A. Clark, a special housing unit official at the Federal Transfer Center in Oklahoma City, Oklahoma ("FTC OKC"); (2) John Doe I, an official responsible for classifying new inmates at the Federal Detention Center ("FDC") in Seatac, Washington; (3) John Doe II, a housing assignment official at the FTC OKC; (4) the United States Bureau of Prisons; (5) the National Crime Information Center of the Federal Bureau of Investigation; and (6) the United States Probation Office in Phoenix, Arizona.

an injunction requiring Defendants to delete from his records all references to the Ku Klux Klan ("KKK"), as well as any references regarding his political activism and beliefs. Cf. Simmat v. U.S. Bureau of Prisons, 413 F.3d 1225, 1231, 1236 (10th Cir. 2005) (observing that although Bivens actions are limited to damages, injunctions may be available under 28 U.S.C. § 1331).

Driggers alleges that in June 2008, when he was in custody at the FDC in Seatac, Washington, John Doe I became aware of Driggers' prior KKK membership. According to Driggers, John Doe I determined that the KKK was a gang and designated Driggers "gang-affiliated" without due process. As a result of this classification, Driggers claims he was placed in a room with Aryan Brotherhood gang members in August 2008, while in the custody of the FTC OKC, where he was assaulted and seriously injured.

Driggers further alleges that as a result of his classification, John Doe II ordered that he be housed for six days in administrative segregation with an Aryan Brotherhood member in a two-man cell at the FTC OKC in July 2010. After this incident, Driggers asserts that he immediately filed written complaints with defendant Clark, but that Clark denied relief explaining that Driggers was being kept in administrative segregation as a result of his former KKK membership.

A magistrate judge issued a report and recommendation, concluding: (1) the Bivens claims against the three federal agencies fail as a matter of law

because <u>Bivens</u> actions cannot be asserted against federal agencies, <u>Smith v. United States</u>, 561 F.3d 1090, 1093 (10th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 1142 (2010); (2) Driggers did not allege sufficient facts to establish the court had personal jurisdiction over John Doe I; and (3) the <u>Bivens</u> claims against the remaining defendants, John Doe II and Clark, for cruel and unusual punishment, due process violations, and equal protection violations, fail as a matter of law. The magistrate judge recommended dismissing Driggers's complaint for failure to state a claim under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

Driggers objected to the report and recommendation. The district court reviewed his objections, adopted the report and recommendation, and dismissed the action. In so doing, the district court also denied Driggers' motion to amend his complaint, which sought to include 28 U.S.C. § 1391(e) as a basis for the court's jurisdiction over the three federal agencies. This appeal followed.

**II**

With respect to the district court's dismissal of claims against John Doe I for lack of personal jurisdiction, we conclude that remand is appropriate. Jurisdictional defects that arise from a suit being filed in the wrong federal district may be remedied by transfer "if it is in the interest of justice." 28 U.S.C. § 1631; <u>Trujillo</u>, 465 F.3d at 1222 ("[W]e have interpreted the phrase 'if it is in the interest of justice' to grant the district court discretion in making a decision to transfer an action."). The record indicates that neither the magistrate judge nor

the district court evaluated the possibility of transferring Driggers' claims against John Doe I under § 1631 rather than dismissing them. If "a district court does not exercise its discretion, or makes a decision without providing reasons, it abuses that discretion." Trujillo, 465 F.3d at 1223 (quotation and alterations omitted). Accordingly, we remand Driggers' claims against John Doe I to the district court for it to determine whether to transfer those claims or dismiss them. See id.

## III

As for Driggers' claims against the two remaining defendants, John Doe II and Clark, we review the district court's dismissal for failure to state a claim under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) de novo. Young v. Davis, 554 F.3d 1254, 1256 (10th Cir. 2009); Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). "[W]e must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." Kay, 500 F.3d at 1217 (quotation omitted). "[W]e look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Id. at 1218 (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Gallagher v. Shelton, 587 F.3d 1063, 1068 (10th Cir. 2009) (quotation omitted).

Driggers contends the district court erred in dismissing his Eighth Amendment claims. We agree with the district court that Driggers' allegations do not suggest that prison officials were deliberately indifferent to "conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citation omitted). "[A]dministrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." Hewitt v. Helms, 459 U.S. 460, 468 (1983). Driggers has not alleged sufficient facts to show that his placement in administrative segregation, which is a common occurrence in prisons, gave rise to a substantial risk of serious harm.

For a similar reason, we affirm the district court's dismissal of Driggers' due process claims. The allegations in Driggers' complaint do not implicate "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and thus do not impact a constitutionally protected liberty interest. Sandin v. Conner, 515 U.S. 472, 484 (1995).

Finally, as to Driggers' First Amendment claim, we conclude that Driggers has not alleged that the remaining defendants personally retaliated against him. Driggers' complaint asserts that as a result of his classification as gang affiliated, John Doe II placed him in administrative segregation and Clark denied two petitions seeking relief from administrative segregation. The mere denial of a grievance does not constitute "personal participation" under 42 U.S.C. § 1983.

See Gallagher, 587 F.3d at 1069. And an official's objectively reasonable reliance on information provided by another official does not give rise to § 1983 liability. See Foote v. Spiegel, 118 F.3d 1416, 1423-24 (10th Cir. 1997). The same is true of Bivens actions. See Hartman v. Moore, 547 U.S. 250, 255 n.2 (2006) ("Though more limited in some respects not relevant here, a Bivens action is the federal analog to suits brought against state officials under [§ 1983]."). Because Driggers alleges only that John Doe II and Clark acted in reliance on John Doe I's classification, he has not stated a claim against the former two defendants.[3]

## IV

We **AFFIRM** the district court's determination that Driggers failed to state a claim against John Doe II, Clark, and the three federal agencies. Although we affirm the district court's determination that the Western District of Oklahoma lacks personal jurisdiction over John Doe I, we **REMAND** to the district court for a determination of whether Driggers' claims against John Doe I should be transferred under 28 U.S.C. § 1631 rather than dismissed. Trujillo, 465 F.3d at 1222-23, 1229. If, after undertaking the appropriate analysis, the district court

---

[3]     Driggers also takes issue with the district court's denial of his motion to amend. In that motion, Driggers attempted to assert 28 U.S.C. § 1391(e) as a basis for the court's jurisdiction over the three named federal agencies. However, § 1391 is a venue statue; it does not alter the fact that Bivens actions cannot be asserted against federal agencies, Smith, 561 F.3d at 1093. Accordingly, the district court did not err in denying the motion.

concludes that dismissal is appropriate, it should modify the judgment to reflect that the claims against John Doe I are dismissed without prejudice. <u>Hollander v. Sandoz Pharms. Corp.</u>, 289 F.3d 1193, 1216-17 (10th Cir. 2002). We **GRANT** Driggers' Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees. Driggers is reminded that he is obligated to continue making partial payments until the entire fee has been paid.

Entered for the Court
Per Curiam
