**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**June 28, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

MICHAEL J. FRENCH,

      Plaintiff - Appellant,

v.

AMERICAN AIRLINES, INC.,

      Defendant - Appellee,

INSURANCE COMPANY OF THE
STATE OF PENNSYLVANIA,

      Defendant.

No. 10-4211

(D. Utah)
(D.C. No. 2:10-CV-00527-DB)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

[*] Oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). We have decided this case on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Michael French, proceeding pro se,[1] appeals from the district court's dismissal of his complaint against his former employer, American Airlines (and its insurer), on the basis of res judicata and its injunction prohibiting French from filing further claims based on American's handling of his December 20, 2004 worker's compensation claim. We affirm.[2]

## BACKGROUND

The parties are well familiar with the facts and the tortured litigation history; it will only be summarily restated here. French was a ramp worker with American Airlines who was hurt on the job. He applied for workers compensation benefits but was only partially successful in the Utah administrative process. Without success he sought judicial review of the administrative decision in the Utah courts.

On August 25, 2008 — roughly six weeks after the Utah court decision —French filed the first of several complaints in the federal district court in Utah. Another followed. In both, he generally alleged American had violated his civil rights and conspired to commit fraud to avoid paying his worker's compensation benefits; he later tried to add a hopelessly tardy claim of employment discrimination. Those two cases were consolidated and dismissed with prejudice on June 2, 2009. French did not appeal. Instead he filed this third case in the district court on June 7, 2010. It was virtually

---

[1] Because French is appearing pro se, "we construe his pleadings and papers liberally" but "our role is not to act as his advocate." *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

[2] Our jurisdiction derives from 28 U.S.C. § 1291.

identical to the previously dismissed cases.[3]

American moved to dismiss this (the third) case claiming on res judicata and requested an order enjoining French from filing future lawsuits based on his December 20, 2004 injury. The matter was referred to a magistrate judge who issued a report recommending dismissal of the complaints. The magistrate also recommended injunctive relief and proposed the following language:

> IT IS HEREBY ORDERED that Michael J. French is ENJOINED from proceeding as a plaintiff against American Airlines, Inc. for any claim arising out of Mr. French's December 20, 2004 injury without the representation of a licensed attorney admitted to practice in this court, unless he first obtains permission to proceed *pro se*. To do so, he must present the following documents:
>
> 1. Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action. Mr. French shall attach a copy of this Order to the petition. The petition shall include a list of all lawsuits in the United States District Court for the District of Utah, Tenth Circuit Court of Appeals and state courts in which Mr. French is or was a party; name and citation of each case; and status or disposition of each case. The Petition shall also contain Mr. French's mailing address.
>
> 2. A copy of the complaint or claims sought to be filed with the court with the applicable fee. The complaint must comply with the Federal Rules of Civil Procedure and all Local Rules of Practice.
>
> These documents shall be presented to the Clerk of the Court, who shall forward them to the Chief Judge for review. In making a determination whether to allow Mr. French to proceed *pro se*, the Chief Judge shall consider whether Mr. French has fully complied with this Order; whether the complaint complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; whether the complaint is frivolous, abusive, harassing or malicious; and whether the claims have been previously raised and disposed of by any federal or state court. If the court enters an order granting the petition, the Clerk of the Court shall file the complaint and

---

[3] French has filed sequential complaints in each of his cases without ever seeking leave to amend and without regard to pending motions to dismiss.

materials as of the date of the order. If the Chief Judge does not approve the petition, the material submitted shall be returned via U.S. Mail to the address provided by Mr. French.

(R. Vol. 1 at 395-96.)

French filed no objection to the recommendation although the report stated, "Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they have fourteen days after being served to serve and file written objections to this Report and Recommendation. [*See*] 28 U.S.C. § 636(b)(1) (2010)." (*Id*. at 396.) Accordingly, when the time for filing an objection had passed, the district court adopted the magistrate's report and recommendation and issued the proposed injunction. Following French's notice of appeal, we tolled briefing on the merits and requested the parties to brief whether French waived his right to appeal by failing to object to the magistrate's report and recommendation. After the parties complied, briefing on the merits of the case was completed.

## DISCUSSION

A.    Waiver

"This circuit has adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate judge." *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010) (quotations omitted). "The rule provides that the failure to make timely objection waives appellate review of both factual and legal questions." *Id*. (quotations omitted). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." *Morales-Fernandez v.*

- 4 -

*I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005). Here, the magistrate notified French of the time limits but failed to mention the consequences of failing to object. Therefore, we must consider the merits of his appeal.

B.    Res Judicata

French has offered no argument as to why his claims are not barred by res judicata. Instead, he describes his hopes to expand an earlier business endeavor and claims American's handling of his worker's compensation claim rendered him "unable to make the transition back to the life, he was so well accustomed to." (Appellant's Br. at 2.) His brief is devoid of legal citation or argument.

"[T]he question of application of res judicata to the facts, viewed in the light most favorable to the nonmoving party, is a pure question of law to be reviewed de novo." *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). When a final judgment has issued on the merits of an action the doctrine of claim preclusion (res judicata) "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Id*. at 1281. Claim preclusion has three elements: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id*. French is now raising the same claims dismissed in his earlier pleadings and against the same parties. He had his day in court. The district court correctly dismissed.

C.    Injunction

We review the district court's decision to issue a permanent injunction for abuse of discretion. *Southwest Stainless, L.P. v. Sappington*, 582 F.3d 1176, 1191 (10th Cir.

2009).  "The district court's discretion in this context is necessarily broad and a strong showing of abuse must be made to reverse it." *Id*. (quotation omitted). [4]

In this case the injunction restricts the initiation of new litigation, limiting French's access to the courts, but not improperly.  "[T]he right of access to the courts is neither absolute nor unconditional." *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir. 1989).  "A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."  *Id*. at 352.  "The conditions cannot be so burdensome, however, as to deny a litigant meaningful access to the courts." *Id*.  A litigant must have clear guidelines as to what he must do to obtain the court's permission to file an action.  *Id*. at 354.  He must also be afforded "notice and an opportunity to oppose the court's order before it is instituted." *Id*.

The district court did not abuse its discretion in enjoining French from further attempts to re-litigate settled matters.  The injunction informs him exactly what he must do to access the court and what standard will be used to review his complaint.  He was given notice of the injunction and afforded an opportunity to object, yet he made no complaint prior to filing this appeal.  His frivolous filings have needlessly caused the defendants to expend substantial time and effort and needlessly burdened the courts. Enough is enough.[5]

---

[4] To obtain a permanent injunction, a party "must prove: (1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Id*.

[5] All of French's pending motions, including his Request to Allow Functional

AFFIRMED.

**Entered by the Court:**


**Terrence L. O'Brien**
United States Circuit Judge

---

Capacity Exam, two Motions to Supplement the Record, Motion to Remove Worker's Compensation Filing and Motion to Review and Hand down Adjudication are denied as moot.