FILED
United States Court of Appeals
Tenth Circuit

October 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RICHARD MARTINEZ,

      Plaintiff–Appellant,

v.

KEVIN MILYARD, Warden of the
Sterling Correctional Facility; SUSAN
JONES, Warden of the Centennial South
Correctional Facility,

      Defendants–Appellees.

No. 11-1239
(D.C. No. 1:11-CV-00453-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

      Richard Martinez appeals the dismissal of his 42 U.S.C § 1983 complaint.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

      [*] The case is unanimously ordered submitted without oral argument pursuant to
Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and judgments;
nevertheless, an order and judgment may be cited under the terms and conditions of 10th
Cir. R. 32.1.

# I

Martinez filed suit against Kevin Milyard and Susan Jones, his previous and current wardens, respectively. His complaint includes a long list of grievances. Martinez alleges that prison employees erroneously billed him for repairs and medical services, confiscated his personal items without following the proper procedures, and failed to separate Martinez and another inmate after a physical altercation between them. He further contends that prison facilities lack adequate amenities and that prison staff have failed to provide him with time for fresh air and exercise. Finally, Martinez alleges that the Colorado Department of Corrections continues to improperly garnish his deposits.

Martinez's complaint fails, however, to tie any of these specific allegations to Milyard or to Jones. Rather, Martinez asserts in a conclusory fashion that Milyard and Jones are "responsible for the employees and policies" of the facility. Finding this pleading insufficient, the district court ordered Martinez to file an amended complaint stating the defendants' individual roles in the alleged rights violations. After Martinez failed to do so, the district court dismissed his case without prejudice. Martinez now appeals.

# II

Our circuit has long held that a "supervisory relationship alone is insufficient for liability under § 1983." Poolaw v. Marcantel, 565 F.3d 771, 732 (10th Cir. 2009). Even prior to the Supreme Court's decision in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), we required an "affirmative link" between a constitutional violation and the actions taken by

a supervisor named as defendant.[1] See, e.g., Serna v. Colo. Dept. of Corrections, 455 F.3d 1146, 1152-53 (10th Cir. 2006); see also Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010).

To state a claim against a supervisor-defendant under this circuit's traditional standard, a plaintiff must allege facts suggesting that the supervisor's "personal participation, his exercise of control or direction, or his failure to supervise" resulted in the constitutional violation. Gallagher v. Shelton, 587 F.3d 1063, 1069 (10th Cir. 2009). In the alternative, a plaintiff can demonstrate that the supervisor "promulgated, created, implemented, or possessed responsibility for the continued operation of a policy that . . . caused the complained of constitutional harm." Dodds, 614 F.3d at 1199 (emphasis added) (holding that this theory of liability survived Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009)).

Martinez has not alleged that Milyard or Jones personally participated in or directed any of the violations of which he complains. Nor has Martinez alleged that the violations in his complaint occurred pursuant to a policy that Milyard or Jones promulgated, or of which they were even aware. Instead, Martinez complains primarily

---

[1] In Ashcroft v. Iqbal, the Supreme Court reiterated that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior," 129 S.Ct. at 1948, and explained that a government official "is only liable for his or her own misconduct." Id. at 1949. While Iqbal has "generated significant debate about the continuing vitality and scope of supervisory liability" in § 1983 cases, Lewis v. Tripp, 604 F.3d 1221, 1227 n.3 (10th Cir. 2010), this circuit has not yet determined the full extent of Iqbal's impact on our case law. We need not resolve this debate here, however, because Martinez's claims fail even under our preexisting standard.

that prison employees deviated from established protocol when they committed various allegedly unlawful acts against him. Accordingly, the district court was correct to order Martinez to amend his complaint and to dismiss the claim when Martinez declined to do so.

<center>III</center>

We **AFFIRM**. Because Martinez has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991), we **DENY** his motion to proceed in forma pauperis.

<div style="margin-left: 50%;">

Entered for the Court


Carlos F. Lucero
Circuit Judge

</div>