FILED
United States Court of Appeals
Tenth Circuit

February 4, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JAMES M. BERTOLO,

    Plaintiff - Appellant,

v.

TOM BENEZEE, Lieutenant CTCF; R.
VIOLA, CTCF Mailroom; M. GARCIA,
CTCF Mailroom; DIANE MILLER,
CTCF Mailroom; MIKLICH, Major,
CTCF Reading Committee; WORTHEN,
Lieutenant, CTCF Reading Committee;
JOY HART, CTCF Reading Committee;
KEITH NORDELL; MARSHALL
GRIFFITH; STEVE HAGER; SUSAN
JONES; MIRA LONGGLOSS; BURL
MCCULLAR; KIRK MACHIN, all
CDOC Springs Employees and Members
of Central Reading Committee,

    Defendants - Appellees.

No. 13-1163
(D.C. No. 1:11-CV-02822-WJM-BNB)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

James Bertolo, appearing pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    Background

The Order Adopting the Recommendation of the United States Magistrate Judge and Granting Defendants' Motion to Dismiss sets out the relevant facts, so the court will provide only a brief overview of the pertinent facts. *See* R., Vol. I at 350.

Bertolo, a designated sex offender, was transferred to the Colorado Territorial Correctional Facility ("CTCF"), but did not receive his medications for several days, resulting in his apparent mental disorientation. During his disoriented state, Lieutenant Tom Benezee gave Bertolo a disciplinary infraction, confiscated his photos and magazines, and suspended his telephone privileges. Bertolo was also required to sign AR Form 300-26E, an agreement specifying the limitations on his reading material, which he alleged was more restrictive than the agreement with his previous facility.

Bertolo filed a pro se complaint against defendants in their individual and official capacities, alleging a deprivation of his constitutional rights pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The district court ordered Bertolo to amend his complaint multiple times due to, in part, his failure to use the court-approved complaint form and allege the personal participation of all named defendants.

The district court dismissed as parties the Colorado Department of Corrections, based on Eleventh Amendment immunity, and Pamela Ploughe and Robbie Bolton for lack of personal participation in a constitutional deprivation.  The court also dismissed Bertolo's § 1983 claims alleging: a violation of the Montez Remedial Plan; the denial of his constitutional right of access to the court; and violations of the Freedom of Information Act, Federal Privacy Act, and Health Insurance Portability and Accountability Act.

Defendants filed a motion to dismiss and for summary judgment on Bertolo's remaining claims:  (1) John/Jane Doe "Department of Corrections contract workers employees" violated his Eighth Amendment right to adequate medical care; (2) Benezee deprived him of due process under the Fourteenth Amendment by confiscating personal property from his cell; (3) Benezee deprived him of his First and Sixth Amendment rights when he restricted his communications with his wife and attorney; and (4) the CTCF mail room staff and Reading Committee members deprived him of his First and Fourteenth Amendment rights by rejecting his mail.

A magistrate judge recommended granting defendants' motion and dismissing Bertolo's remaining claims.  Bertolo filed a motion for reconsideration, which the district court construed as Bertolo's objection to the magistrate judge's

recommendation.[1] Bertolo also filed a motion for extension of time to amend his complaint. The district court erroneously concluded that Bertolo's objections were timely but, nonetheless, reviewed the objections de novo after finding that they were not specific. The district court adopted the recommendation of the magistrate judge and dismissed without prejudice for failure to exhaust administrative remedies Bertolo's Eighth Amendment claim for inadequate medical care, and First and Sixth Amendment claims for telephone restrictions. The district court dismissed all other claims with prejudice and denied Bertolo's motion to amend his complaint.

## II.    Discussion

We construe Bertolo's filings liberally because he is proceeding pro se, but we will not act as his advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). As best we can discern, Bertolo argues that the district court erroneously: (1) dismissed Bolton and Ploughe for failure to allege personal participation; (2) dismissed his First and Sixth Amendment claims for failure to exhaust administrative remedies; and (3) denied his requests to amend his complaint and appoint an attorney.

---

[1]    The magistrate judge's recommendation, which was entered on November 14, 2012, ordered the parties to file any objections within 14 days. Bertolo untimely responded on December 14, 2012.

## A. March 8, 2012 Dismissal Order

Bertolo argues that the district court erred in dismissing the claims against Ploughe, the Warden of CTCF, and Bolton, a CTCF therapeutic counselor, for lack of personal participation.

We review the district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) de novo. *Gallagher*, 587 F.3d at 1067. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that each defendant personally participated in the alleged deprivation of a constitutional right. *See Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006).

Bertolo alleged that Ploughe deprived him of his constitutional rights when she failed to enforce orientation procedures, failed to timely administer mental health care, denied his appeals regarding Benezee's charges against him, and ignored his requests to meet regarding Benezee's conduct. But, supervisory status without more does not create § 1983 liability. *Gallagher*, 587 F.3d at 1069. A supervisor may be liable where a plaintiff can establish an affirmative link between the constitutional deprivation and the supervisor's personal participation, exercise of control, or his failure to supervise. *Fogarty v. Gallegos*, 523 F. 3d 1147, 1162 (10th Cir. 2008). Nevertheless, Bertolo did not allege that Ploughe's role was more than "one of abstract authority over individuals who actually committed a constitutional violation." *Id*. Further, "a denial of a grievance, by itself without any connection to

the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher*, 587 F.3d at 1069.

Bertolo alleged that Bolton denied him access to the appropriate phase classes for sex offenders and imposed restrictions, not as a result of a proper evaluation, but in retaliation for Bertolo's wife "being so young appearing, and loving." R., Vol. I at 68. As the district court correctly noted, even liberally construed, Bertolo's allegations could not constitute violations of his constitutional rights because he had no liberty interest in being enrolled in sex offender classes, and Bertolo did not otherwise allege that Bolton was personally involved in the alleged deprivations that were not dismissed.

Accordingly, Ploughe and Bolton were properly dismissed for the reasons provided by the district court in its Order to Dismiss, dated March 8, 2012.

## B. March 22, 2013 Order Granting Defendants' Motion to Dismiss

### i. Waived Issues

We reach the merits on the appeal of this order, despite Bertolo's untimely objection to the magistrate judge's report, because defendants forfeited any untimeliness claim by not raising it in their brief on appeal. *See Hicks v. Franklin*, 546 F.3d 1279, 1283 n.3 (10th Cir. 2008) (noting that failure to timely object to a magistrate judge's report is not jurisdictional, and therefore subject to forfeiture, if the claim is not raised and preserved). Bertolo has, however, forfeited appellate review of the district court's rulings on the following claims by failing to raise them

- 6 -

in his brief on appeal:  claims against defendants in their official capacities for monetary damages, First and Fourteenth Amendment claims against the mail room staff and Reading Committee, and claim that he was deprived of his due process rights when Benezee confiscated photos and materials from his cell.  *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) ("the omission of an issue in an opening brief generally forfeits appellate consideration of that issue.").

In addition, Bertolo has affirmatively waived his claim that he did not receive adequate medical care.  Bertolo states in his brief that he intended to dismiss this issue himself so that he could address it at a later date.

### ii.  Bertolo's First and Sixth Amendment Claims

The only issues remaining for our review from the district court's order dated March 22, 2013, are Bertolo's First and Sixth Amendment claims alleging improper restriction of telephone privileges.  The district court dismissed these claims for lack of exhaustion.

We review de novo a district court's finding that a plaintiff failed to exhaust administrative remedies.  *Little v. Jones,* 607 F.3d 1245, 1249 (10th Cir. 2010).  We have carefully reviewed the briefs and the record on appeal, and we affirm the district court's dismissal of these claims for the reasons set forth in the magistrate judge's thorough and well-supported Amended Order and Recommendation, as adopted by the district court.

### C. Bertolo's Requests to Amend his Complaint and Appoint Counsel

Bertolo argues that the district court erred in denying his requests to amend his complaint and appoint an attorney. Bertolo seems to contend that if he had been allowed to amend his complaint, or if the court had granted his request for an attorney, the remainder of his issues would not have been dismissed.

"We review the district court's decision to deny leave to amend a complaint for an abuse of discretion." *Hertz v. Luzenac Grp.*, 576 F.3d 1103, 1117 (10th Cir. 2009). "When denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Id.* (internal quotation marks omitted). We also review the denial of appointment of counsel in a civil case for an abuse of discretion. *See DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993).

Bertolo argues that the court should have allowed him to amend his complaint a fourth time to include new evidence that his disciplinary violation, from which many of his issues stemmed, had been expunged. The district court found, however, that the disciplinary violation had no effect on the legal errors and pleading deficiencies leading to the dismissal of his claims. For the reasons stated by the district court, the motion was properly denied. *See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (noting that proposed amendment is futile if the amended complaint would be subject to dismissal); *see also Hall v. Witteman*, 584 F.3d 859, 868 (10th Cir. 2009) (noting that district courts are not required to

engage in additional research or read the minds of parties to determine whether an amendment is justified).

Additionally, Bertolo argues that the court erred in denying his request for appointment of counsel in its order dated March 21, 2012. The district court denied Bertolo's request for an attorney after finding that Bertolo had adequately presented his claims, which were not complex or meritorious.

A district court may appoint counsel for an indigent plaintiff if, under the totality of the circumstances, the denial of counsel would result in a fundamentally unfair proceeding, considering "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted); *McCarthy v. Weinberg*, 753 F.2d 836, 839-840 (10th Cir. 1985).

In support of this claim, Bertolo alleged that he has "serious medical concerns and complexities," though he did not indicate how his condition would affect his ability to present his case. *See* R., Vol. I at 95*; see also McCarthy,* 753 F.2d at 839 (concluding that the district court erred in denying plaintiff's request for counsel where record evidence showed plaintiff's multiple sclerosis affected his eyesight, hearing, and abilities to communicate, read the record, and understand the proceedings). Moreover, Bertolo's filings demonstrated his familiarity with legal concepts like motions to amend and exhaustion of administrative remedies. We have

reviewed the record and agree that Bertolo adequately presented the issues in his case, which were not particularly complex or meritorious. Accordingly, we conclude that the district court did not abuse its discretion in denying Bertolo's motion for appointment of counsel.

### D. Fees

Bertolo has moved to proceed on appeal without payment of costs or fees. Bertolo first requested the district court's authorization to proceed *in forma pauperis* (IFP) on appeal. The district court denied Bertolo's motion pursuant to § 1915(a)(3), finding no reasoned, non-frivolous argument and, therefore, that the appeal was not taken in good faith.

We agree with the district court as to the absence of a reasoned, non-frivolous argument on the law and facts in support of the issues he raises on appeal. Accordingly, we DENY his motion to proceed on appeal without prepayment of costs or fees. Fee payment shall continue pursuant to this court's order entered on June 11, 2013.

The judgment of the district court is affirmed.

Entered for the Court

Stephen H. Anderson
Circuit Judge
