**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**March 3, 2015**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

DAVID ALLEN THOMPSON, SR.,

     Plaintiff - Appellant,

v.

LARNED STATE HOSPITAL, COLENE
HOLMBURG, and DEBRA
COLGLAZIER,

     Defendants - Appellees.

No. 14-3103

(D.C. No. 5-13-CV-03134-SAC)

(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **LUCERO** and **McHUGH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

Appellant David Allen Thompson, Sr., proceeding pro se, appeals the district court's order dismissing his 42 U.S.C. § 1983 action, in which he alleged prosecutors violated his constitutional rights by issuing a subpoena duces tecum for certain medical records. Exercising jurisdiction under 18 U.S.C. § 1291, we affirm.

## BACKGROUND

Mr. Thompson is currently incarcerated in a state correctional facility in Sacramento, California, as he was when he filed his complaint in this matter. In October and November 2011, the Sacramento County District Attorney's Office submitted a subpoena duces tecum to the custodian of records at the Larned, Kansas, State Hospital requesting "all records that indicate when Mr. Thompson was admitted to your facility, why he was admitted to your facility, when he left your facility, and why he left your facility." The subpoena indicated the requested records were necessary for the prosecution of Mr. Thompson in a criminal matter. Through his appointed California counsel, Mr. Thompson moved to quash the subpoenas. He argued the requested records, which discussed his treatment at a psychiatric facility, were confidential and were protected by California privacy laws and the Fourth Amendment to the U.S. Constitution. The California trial court held an in camera hearing and, after reviewing the medical records, determined that 5 of the 153 pages produced by the Larned State Hospital could be released to the prosecution. The released portion of the record did not discuss Mr. Thompson's psychiatric treatment or condition.

Mr. Thompson thereafter filed his complaint in this matter. He alleged that the release of his confidential medical/psychological records to the Sacramento County

2

District Attorney's Office violated his rights under the Fourth Amendment and that, under 42 U.S.C. § 1983, he is entitled to $250,000 in damages. Mr. Thompson also requested that the court order the Larned State Hospital to release all his records to him and to issue an injunction preventing the hospital from possessing any copies of the records. The district court issued an order to show cause why Mr. Thompson's action should not be dismissed for failure to state a claim for relief. Specifically, the district court explained that it found no legal authority supporting the imposition of civil liability on government officials who issue or respond to facially valid subpoenas duces tecum. Instead, the court explained that the proper vehicle for relief is a motion to quash, which Mr. Thompson had already successfully utilized. Mr. Thompson did not respond to the order to show cause; accordingly, the district court dismissed the case and entered a separate judgment.

Mr. Thompson filed both a notice of appeal and a motion to reconsider. The district court denied the motion to reconsider, and Mr. Thompson did not file a new or amended notice of appeal. The scope of our review is therefore limited to the dismissal order. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

## DISCUSSION

On appeal, Mr. Thompson argues the district court erred in dismissing his § 1983 action. He claims that the release of his medical records to the Sacramento County District Attorney's office violated his rights under the Fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution, Article I of the California Constitution, the psychotherapist-patient privilege in the California Rules of Evidence, and the Federal

3

Health Insurance Portability and Accountability Act of 1996 (HIPAA) and its

corresponding administrative regulations. We review a district court's dismissal of a

complaint for failure to state a claim de novo and ask "whether it is plausible that plaintiff

is entitled to relief." *Gallagher v. Shelton*, 587 F.3d 1063, 1067, 1068 (10th Cir. 2009).

Because Mr. Thompson is appearing pro se, "we construe his pleadings and papers

liberally." *Id.* Nevertheless, Mr. Thompson "must follow the same rules of procedure that

govern other litigants." *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Therefore, we will consider only the arguments Mr. Thompson raised in the district court,

*see Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004), which were limited to alleged

Fourth Amendment violations.[1]

---

[1] We note that Mr. Thompson moved to amend his complaint—well after the
district court issued its dismissal order—to include his HIPAA and California
constitutional claims. Although the district court acknowledged Mr. Thompson's
proposed amended complaint in its order denying his motion to reconsider,
Mr. Thompson did not file a new or amended notice of appeal after the district court
denied reconsideration. Our review is therefore limited to the district court's dismissal
order and the arguments presented in the original complaint, which were limited to
Fourth Amendment claims. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Breeden v. ABF Freight
Sys., Inc.*, 115 F.3d 749, 752 (10th Cir. 1997) (explaining that a party must file a new or
amended notice of appeal to appeal an order on a postjudgment motion).

    Moreover, even had Mr. Thompson preserved his HIPAA and California claims,
they would likely fail as a matter of law. As we have previously explained, "HIPAA does
not create a private right of action for alleged disclosures of confidential medical
information." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 n.4 (10th Cir. 2010). Although
we have not squarely addressed alleged HIPAA violations in the context of a § 1983
action, at least two of our sister circuits have and have ruled that HIPAA violations
cannot be remedied through a § 1983 action. *See Dodd v. Jones*, 623 F.3d 563, 569 (8th
Cir. 2010) (dismissing a § 1983 claim "because HIPAA does not create a private right of
action"); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010) (same). Mr. Thompson's
state law claims likewise fail because "§ 1983 affords a remedy for violations of federal
law and does not provide a basis for redressing violations of *state* law." *D.L. v. Unified*

As to his Fourth Amendment claim, Mr. Thompson contends that his right to be free from governmental intrusion was violated when the Larned State Hospital released a portion of his medical records to the Sacramento County District Attorney's Office. Apart from bald citations to U.S. Supreme Court cases addressing the Fourth Amendment in contexts entirely different than this one, Mr. Thompson directs us to no legal authority supporting his allegations. Contrary to Mr. Thompson's claims, in the context of an administrative subpoena, the Fourth Amendment requires "only that a subpoena 'be sufficiently limited in scope, relevant in purpose, and specific in directive so that compliance will not be unreasonably burdensome.'" *Becker v. Kroll*, 494 F.3d 904, 916 (10th Cir. 2007) (quoting *See v. City of Seattle*, 387 U.S. 541, 544 (1967)). In this case, Mr. Thompson succeeded, through his motion to quash, in limiting the scope of the subpoena to just five pages of his medical record, none of which discussed Mr. Thompson's psychiatric treatment or condition. The pages accessed contained only that information relevant to the Sacramento District Attorney's prosecution against Mr. Thompson. Given this factual scenario, we cannot conclude that Mr. Thompson has pled sufficient facts that would entitle him to relief.

---

*Sch. Dist. No. 497*, 596 F.3d 768, 776 (10th Cir. 2010) (internal quotation marks omitted).

We AFFIRM the district court's dismissal of Mr. Thompson's § 1983 action for failure to state a claim for relief. We GRANT Mr. Thompson's motion to proceed in forma pauperis, but remind him of his obligation to make partial payments until the district court and appellate filing fees are paid in full. *See* 28 U.S.C. § 1915(b)(1).

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge