986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James Ellis WHITE, Plaintiff-Appellant,
v.
Stanley GLANTZ and Steve Warren, Defendants-Appellees.
 No. 92-5169.
 United States Court of Appeals, Tenth Circuit.
 Feb. 25, 1993.
 
 Before McKAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 SETH, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff James Ellis White filed a complaint pursuant to 42 U.S.C. § 1983 alleging First, Eighth and Fourteenth Amendment violations arising from his being served pork by Defendant prison officer Steve Warren. The district court granted summary judgment in favor of the Defendants, and the Plaintiff appeals. We affirm.
 
 
 3
 The Plaintiff is a Muslim inmate at the Tulsa County Jail. The Muslim religion forbids the eating of pork. The prison staff was aware of Plaintiff's religion; therefore, a "bland diet" prescription for the Plaintiff was posted in the kitchen. It is uncontroverted that Defendant Warren served Plaintiff a meal containing green beans and bacon and that the Plaintiff complained to Mr. Warren about the bacon. However, the parties differ as to the subsequent remedial action taken by Mr. Warren. Mr. Warren contends that he immediately solved the problem by obtaining a pork-free meal tray for the Plaintiff and that the Plaintiff did not consume any bacon. On the other hand, the Plaintiff asserts that Mr. Warren returned with another tray containing green beans with bacon and that he inadvertently ate some of the bacon. The Plaintiff further contends that only after complaining again about the bacon was a pork-free meal finally delivered to him.
 
 
 4
 On appeal, the Plaintiff alleges two points of error. First, he claims that the disputes concerning his ingesting the bacon and the number of meal trays required to solve his problem constitute genuine issues of material facts precluding the granting of summary judgment. Second, the Plaintiff claims that the district court erred by denying him adequate discovery.
 
 
 5
 With regard to the first issue on appeal, we review the grant of summary judgment de novo and apply the same legal standard used by the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.). Summary judgment is appropriate when there is no genuine dispute concerning a material fact despite the court's liberally construing the pleadings in favor of the nonmoving party, and the moving party is entitled to judgment as a matter of law. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879 (10th Cir.).
 
 
 6
 There are several cases in other circuits in which the courts have acknowledged that a prison policy of either actually or constructively denying a pork-free diet to Muslim inmates potentially violates the inmates' First Amendment rights. See Hunafa v. Murphy, 907 F.2d 46 (7th Cir.); Ross v. Blackledge, 477 F.2d 616 (4th Cir.); Barnett v. Rodgers, 410 F.2d 995 (D.C.Cir.). But see Abernathy v. Cunningham, 393 F.2d 775 (4th Cir.) (prison not required to provide special non-pork diet for inmates if they could obtain a nutritional, balanced diet by voluntarily avoiding food containing or prepared in pork). We emphasize "policy" because the Plaintiff in the case before us only asserts that this isolated occurrence of being given two meals with green beans and bacon amounted to a deprivation of his Constitutional rights. In fact, the Plaintiff admits that if the first replacement meal tray was pork-free there would not have been any problem. Furthermore, the Plaintiff cites no authority, and we can find none, holding that a single instance of being fed pork violated a Muslim inmate's First Amendment right to freedom of religion. Similarly, we have located no cases in which a Muslim inmate's Eighth and Fourteenth Amendment rights were violated by being given a meal partially containing pork.
 
 
 7
 While we recognize that a Muslim inmate has a right to a nutritional non-pork diet, the record is clear that the prison's policies are conducive to the Plaintiff's religious freedom and that the Defendants did not deliberately deviate therefrom. Even accepting Plaintiff's allegations as true, which we are not required to do, the mere fact that two meal trays were required to solve his complaint at most demonstrates gross negligence on the part of the Defendants. Although the Plaintiff was most certainly annoyed and exasperated, this isolated negligent act of the Defendants cannot support a claim that the Plaintiff was denied his First Amendment right to freedom of religion nor his claim that the Defendants were recklessly indifferent to his Eighth and Fourteenth Amendment rights. In light of the foregoing, we find that the Plaintiff's allegation that he actually consumed some of the green beans and bacon is immaterial to the outcome of this case even if the assertion were true. Therefore, we hold that the district court did not err in granting summary judgment in favor of the Defendants.
 
 
 8
 As to Plaintiff's second alleged error on appeal, he claims that he should be allowed to proceed with discovery in order to obtain evidence to prove that he consumed some pork, that two meal trays were required to correct his problem and that the prison had no "sound policy" of providing restricted diets based on an inmate's religion. This issue has been rendered moot by our accepting Plaintiff's allegations concerning the ingestion of pork and number of meal trays, and by our finding that the record clearly shows a prison policy of complying with the dietary needs of its inmates. In particular, the record demonstrates that the Plaintiff has been prescribed a "bland diet" and that his brother has been prescribed a "no pork diet". Moreover, if the "bland diet" prescription were insufficient to guarantee a pork-free diet for the Plaintiff, he admits that he has expressly told every prison officer of his religious dietary requirements and there is no evidence that the Defendants or any other prison officers have failed to provide the Plaintiff with pork-free meals, except for the occurrence complained of in this appeal.
 
 
 9
 Accordingly, we AFFIRM the district court's grant of summary judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3