FILED
United States Court of Appeals
Tenth Circuit

November 24, 2009

Elisabeth A. Shumaker
Clerk of Court

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MICHAEL P. GALLAGHER,

    Plaintiff-Appellant,

v.

J. L. SHELTON, Warden, Norton
Correctional Facility; R. C. PERDUE,
Deputy Warden, Norton Correctional
Facility; ROGER WERHOLTZ,
Secretary of Corrections; GALEN
PENNER, Chaplain, Norton
Correctional Facility; (FNU)
GROWELL, Aramark Supervisor,
Norton Correctional Facility; (FNU)
RATLIFF, Aramark Employee/Line
Supervisor, Norton Correctional
Facility; GLORIA GEITHER, Director
of Religious Programs, Kansas
Department of Corrections,

    Defendants-Appellees.

No. 09-3113

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 5:03-CV-03454-SAC)

---

Submitted on the briefs:

Michael P. Gallagher, pro se.

Steve Six, Kansas Attorney General and Eric J. Aufdengarten, Assistant Attorney
General, Topeka, Kansas, for Defendants-Appellees Werholtz, Geither, Shelton,
Perdue and Penner.

Marcos Barbosa of Baker, Sterchi, Cowden & Rice, L.L.C.-KC, Kansas City, Missouri, for Defendants-Appellees Ratliff and Growell.

_____

Before **KELLY, BRISCOE,** and **HOLMES**, Circuit Judges.

_____

**BRISCOE**, Circuit Judge.

_____

Plaintiff Michael P. Gallagher, an inmate in the custody of the Kansas Department of Corrections appearing pro se, appeals the district court's dismissal of his 42 U.S.C. § 1983 action. The district court dismissed Gallagher's amended complaint for failure to exhaust administrative remedies and for failure to state a claim. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the dismissal of Counts I, II, and III of Gallagher's complaint. We also affirm the dismissal of Gallagher's claims on Counts IV and V, but we remand with directions to vacate the dismissal on Counts IV and V only for the purpose of clarifying that such dismissal is without prejudice.[1][2]

I

Gallagher, an Orthodox Jew, alleged in his complaint that while he was in

_____

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

[2] Gallagher references his claims in terms of "Counts." The district court used that same reference, and for clarity, we will as well.

2

custody at the Norton Correctional Facility ("NCF") in Norton, Kansas, the defendants violated his right to free exercise of religion and equal treatment pursuant to the First and Fourteenth Amendments. In his original complaint, Gallagher alleged three grounds for relief: (I) his requests for religious accommodations were untimely approved; (II) he did not receive food that was prepared in accordance with kosher requirements, a defendant made an offensive comment regarding his religion, and his kosher meal did not include a special dessert comparable to the general population on the Fourth of July; and (III) prison officials did not adequately review his grievances. Gallagher then amended his complaint to include two additional counts: (IV) he was served a meal tainted with bodily fluids; and (V) the prison chaplain failed to help him obtain a Menorah and candles in order to celebrate Hanukkah. Gallagher brought these claims against several defendants: Kansas Secretary of Corrections Werholtz, Kansas Department of Corrections Director of Religious Programs Geither, former NCF chaplain Rev. Penner, NCF Warden Shelton, NCF Deputy Warden Perdue, and Ms. Growell[3] and Ms. Ratliff, employees of ARAMARK Correctional Services, LLC, a private company which prepares and serves food to

---

[3] Throughout the record, this defendant's name is alternately spelled as "Growell" and "Gruwell." Because the briefs refer to her as "Growell," we will as well.

inmates at NCF.[4]

The district court requested the preparation of a <u>Martinez</u> report.[5] The report detailed that Gallagher fully exhausted his administrative remedies related to Counts I, II, and III. However, the report noted that Counts IV and V were not administratively exhausted, and no grievance had been filed relating to either count. Defendants subsequently filed motions to dismiss, arguing that Gallagher failed to exhaust his administrative remedies and failed to state a claim.

After considering the pleadings, the <u>Martinez</u> report, and defendants' motions to dismiss, the district court dismissed Gallagher's complaint. The district court concluded that Gallagher had failed to exhaust his administrative remedies regarding Counts IV and V, and the district court dismissed the remaining counts pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

Gallagher timely appealed the dismissal of his complaint, claiming that the defendants interfered with his right to exercise his religion. The district court granted Gallagher's motion for leave to proceed in forma pauperis on appeal. Gallagher argues on appeal: (1) the district court incorrectly construed his responses to the district court's order to show cause on September 28, 2004 as an

---

[4] Gallagher originally included four additional ARAMARK Corporation defendants, who had already been dismissed. Their dismissal is not presented as an issue in this appeal.

[5] <u>See</u> <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978).

amended complaint; (2) the district court improperly denied his Motion for Trial

Per Pais; (3) defendants violated his right to receive a kosher diet; (4) he was

refused his right to celebrate his religious holidays, and the district court did not

read his motions and exhibits; and (5) his Motion to Open Proceedings and his

request to collect evidence were incorrectly denied.[6]

## II

"We review de novo a district court's dismissal of an inmate's suit for

failure to exhaust his or her administrative remedies." Patel v. Fleming, 415 F.3d

1105, 1108 (10th Cir. 2005).  We also review de novo a district court's dismissal

pursuant to Rule 12(b)(6).  Russell v. United States, 551 F.3d 1174, 1178 (10th

Cir. 2008).  Because Gallagher is appearing pro se, we construe his pleadings and

papers liberally, but our role is not to act as his advocate.  See Garrett v. Selby

Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

## A. Failure to Exhaust Administrative Remedies

We begin with the district court's dismissal of Counts IV and V for failure

to exhaust administrative remedies.  The Prison Litigation Reform Act provides

---

[6] Contrary to defendants' assertion, we do have jurisdiction to consider the denials of these other motions.  "[A] notice of appeal which names the final judgment is sufficient to support review of all earlier orders that merge in the final judgment."  McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1104 (10th Cir. 2002).  However, because we conclude that Gallagher's complaint was properly dismissed, we do not address the district court's interlocutory rulings on these motions.

that "no action shall be brought with respect to prison conditions under [42 U.S.C. 1983], or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust is an affirmative defense; a plaintiff is not required to plead or demonstrate exhaustion in the complaint. Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 2007).

In support of their motion to dismiss, defendants argued that Gallagher failed to exhaust his remedies on Counts IV and V. Although Gallagher responded to the defendants' motions to dismiss, he did not contest the failure to exhaust his administrative remedies. Upon reviewing the pleadings, exhibits, and the uncontroverted Martinez report,[7] the district court concluded that Gallagher did not exhaust his administrative remedies. The record indicates that Gallagher did not file a grievance regarding the allegation that there were bodily fluids in his meal (Count IV). Additionally, Gallagher did not seek administrative remedies or file a grievance relating to his request for a Menorah and candles for Hanukkah (Count V). See ROA, at 203 (Doc. 45 at 3).

On appeal, Gallagher asserts that he did write a grievance relating to Count

---

[7] The Martinez report may not be used to resolve disputed factual issues. Swoboda v. Dubach, 992 F.2d 286, 290 (10th Cir. 1993). However, an uncontroverted report may serve as the basis for a dismissal. McKinney v. Maynard, 952 F.2d 350, 353 n.8 (10th Cir. 1991) (noting that the report may serve as a basis for dismissal under Rule 12(b)(6)), overruled on other grounds by McAlpine v. Thompson, 187 F.3d 1213 (10th Cir. 1999).

6

IV, alleging that there were bodily fluids in his meal, but that the grievance was lost. In his response to defendants' motion to dismiss before the district court, Gallagher did not contend that he filed such a grievance, or that any grievances were lost or misplaced. Indeed, the district court explicitly noted that Gallagher did not contest his failure to exhaust administrative remedies, nor did he contend he was prevented from pursuing administrative relief. Because Gallagher did not raise this issue in the district court, we do not consider that argument on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court."); see also Shaw v. Rogers, 250 F. App'x 908, 910 (10th Cir. 2007) (unpublished) (applying general rule to pro se litigant claiming on appeal that he asked for a grievance form but did not receive it). Gallagher does not contest the district court's conclusion that he failed to exhaust his administrative remedies relating to Count V. Because Gallagher failed to exhaust his administrative remedies, the district court properly dismissed Counts IV and V.

In its conclusion, the district court ruled that "defendants' motions to dismiss the amended complaint . . . are granted, and that the amended complaint is dismissed and all relief is denied." ROA, at 501 (Doc. 81 at 17). But, the district court did not specify whether its dismissal of Counts IV and V was with or without prejudice. Ordinarily, a dismissal based on a failure to exhaust administrative remedies should be without prejudice. Fitzgerald v. Corr. Corp. of

7

Am., 403 F.3d 1134, 1139 (10th Cir. 2005). Therefore, while we uphold the district court's conclusion that Gallagher failed to exhaust his administrative remedies relating to Counts IV and V, we remand to the district court with directions to vacate its dismissal only to clarify that this dismissal is without prejudice. See id. at 1140.

The record indicates that Gallagher did exhaust his administrative remedies on Counts I through III, and the defendants do not dispute that conclusion. Therefore, we turn to the district court's dismissal of Counts I through III for failure to state a claim. See Jones v. Bock, 549 U.S. 199, 219–21 (2007) (rejecting a requirement of total exhaustion of all claims).

**B. Failure to State a Claim**

The district court granted defendants' motion to dismiss the remaining three counts for failure to state a claim pursuant to Rule 12(b)(6). In reviewing the district court's dismissal pursuant to Rule 12(b)(6), we assume the factual allegations are true and ask whether it is plausible that the plaintiff is entitled to relief. Christy Sports, LLC v. Deer Valley Resort Co., Ltd., 555 F.3d 1188, 1191 (10th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009). Conclusory allegations are not enough to withstand a motion to dismiss. See Cory v. Allstate Ins. --- F.3d ----, 2009 WL 2871541, at

8

*4 (10th Cir. 2009).

Gallagher contends that the defendants violated his right to free exercise of religion. Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs. See Makin v. Colo. Dep't. of Corr., 183 F.3d 1205, 1209 (10th Cir. 1999). What constitutes a "reasonable opportunity" is determined in reference to legitimate penological objectives. Id.

We first turn to the district court's dismissal of Counts I and III against Secretary Werholtz, Warden Shelton, and Deputy Warden Purdue. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). Supervisory status alone does not create §1983 liability. Duffield v. Jackson, 545 F.3d 1234, 1239 (10th Cir. 2008). Rather, there must be "an affirmative link . . . between the constitutional deprivation and either the supervisor's personal participation, his exercise of control or direction, or his failure to supervise." Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997) (quotation and brackets omitted).

Gallagher's only allegation involving these defendants relates to their denials of his grievances, namely that they "rubber-stamped" his various grievances. ROA, at 21 (Doc. 1 at 4). We agree with the reasoning in our previous unpublished decisions that a denial of a grievance, by itself without any

9

connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983. See Whitington v. Ortiz, 307 F. App'x 179, 193 (10th Cir. 2009) (unpublished); Larson v. Meek, 240 F. App'x 777, 780 (10th Cir. 2007) (unpublished); see also Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) ("[Plaintiff] failed to state First Amendment claims relating to his grievances . . . because defendants' denial of his grievances did not state a substantive constitutional claim."). Because Gallagher's only allegations involving these defendants relate to the denial of his grievances, he has not adequately alleged any factual basis to support an "affirmative link" between these defendants and any alleged constitutional violation. Accordingly, the claims against Werholtz, Shelton, and Purdue were properly dismissed.

Gallagher contends that the remaining defendants personally violated his right to exercise his religion.[8] Specifically, in Count I, Gallagher alleged that defendants Penner and Geither failed to accommodate his right to celebrate his religious holidays; in Count II, Gallagher alleged that defendants Ratliff and

---

[8] It appears that in his original complaint in Count II, Gallagher alleged that he was treated differently from other inmates on account of his religion because the non-kosher meal on the Fourth of July included a special dessert, and his kosher meal did not. Additionally, he alleged that Ratliff stated "I don't know why we even cook for you Jews." ROA, at 17 (Doc. 1 at 3). The district court dismissed Gallagher's claim for equal protection under Rule 12(b)(6), but Gallagher has not argued that issue on appeal. Rather, Gallagher argues only that the defendants violated his right to free exercise of religion. Thus, we consider only Gallagher's claims relating to his alleged denial of his right to free exercise of religion.

10

Growell denied him the right to a kosher diet. In order to state a claim that defendants violated his right to free exercise of religion, Gallagher must adequately allege that the defendants "substantially burdened [his] sincerely-held religious beliefs." Kay v. Bemis, 500 F.3d 1214, 1218 (10th Cir. 2007).

In Count I, Gallagher alleged that Geither and Penner failed to approve his requests for religious accommodation in a timely fashion. Gallagher made religious accommodation requests to NCF Chaplain Penner, who forwarded them to Director of Religious Programs Geither in Topeka, but a few of the requests were approved after the holidays had passed. According to the record, on November 18, 2002, Gallagher requested fried food for Hanukkah, which began at sunset on November 29. The request was approved on January 9, 2003, after Hanukkah had passed. Additionally, on July 14, 2003, Gallagher requested two sack lunch meal accommodations for days of fasting: July 17 and August 17, 2003. These requests were approved on August 19, 2003, after the days of fasting had already passed.

Taking these allegations as true, defendants' actions were, at most, isolated acts of negligence, not pervasive violations of Gallagher's right to free exercise of religion. We agree with our previous, unpublished decision recognizing that an isolated act of negligence would not violate an inmate's First Amendment right to free exercise of religion. See White v. Glantz, 986 F.2d 1431 (Table), 1993 WL 53098, at *2 (10th Cir. February 25, 1993) (unpublished) ("Although the Plaintiff

11

was most certainly annoyed and exasperated, [the] isolated negligent act of the Defendants cannot support a claim that the Plaintiff was denied his First Amendment right to freedom of religion."); see also Lovelace v. Lee, 472 F.3d 174, 201 (4th Cir. 2006) ("[Plaintiff] must assert conscious or intentional interference with his free exercise rights to state a valid claim under § 1983."). Gallagher's allegation that defendants Geither and Penner did not timely approve his requests for religious accommodations does not support a claim that the defendants substantially burdened his religious beliefs, i.e., that they violated his right to free exercise of religion. Therefore, Count I was properly dismissed for failure to state a claim.

In Count II of his complaint, Gallagher claimed that Growell and Ratliff violated his right to free exercise of religion by denying him his right to a kosher diet. Gallagher alleged that his food was not prepared according to the kosher requirements. Specifically, serving utensils that were reserved for the kosher food preparation were improperly cleaned with non-kosher utensils.

We have previously recognized that an inmate's right to free exercise of religion includes the right to a diet that conforms with their religious beliefs. See Beerheide v. Suthers, 286, F.3d 1179, 1185 (10th Cir. 2002). Nonetheless, we agree with the district court that Gallagher has failed to state a claim upon which relief can be granted. Upon reviewing the pleadings, Gallagher has alleged a single violation of his kosher diet, not a prison policy. Taking Gallagher's

12

allegations as true, the fact that the utensils were not properly washed indicates that the defendants imperfectly implemented the kosher requirements, or were even negligent in implementing his kosher diet. But there is no basis to conclude that any of the defendants deliberately contaminated the kosher utensils, in violation of Gallagher's right to free exercise of religion, or that defendants repeatedly violated kosher requirements.

As discussed above, such an isolated act of negligence does not support a claim that Gallagher was denied his First Amendment right to free exercise of religion. See White, 1993 WL 53098, at *2 (finding no support for the claim that an "isolated occurrence" of being given a meal that did not comply with the plaintiff's religious dietary requirements "amounted to a deprivation of Constitutional rights"). We agree with the district court that Count II failed to state a claim upon which relief could be granted. Therefore, Count II was properly dismissed.[9]

The district court was correct to dismiss Counts I, II, and III. Because we conclude that the district court properly dismissed Gallagher's complaint, we do not address Gallagher's appeal from the district court's denial of his various other motions filed prior to the dismissal of his complaint.

---

[9] Accordingly, we do not consider Growell and Ratliff's alternative argument that they were not acting under color of state law, as required by § 1983.

13

## III

We AFFIRM the judgment of the district court dismissing Counts I, II, and III. We also AFFIRM the dismissal of Gallagher's claims on Counts IV and V, but we REMAND with directions to VACATE the dismissal on Counts IV and V only for the purpose of clarifying that such dismissal is without prejudice. We remind Mr. Gallagher of his continuing obligation to make partial payments toward his appellate filing fee until the entire balance of the fee is paid in full. See 28 U.S.C. § 1915(b)(1)–(2).