FILED
United States Court of Appeals
Tenth Circuit

May 17, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUAN SILVA CONTRERAS,

       Petitioner–Appellant,

v.

ERIC FRANKLIN,

       Respondent–Appellee.

No. 10-6007
(D.C. No. 5:09-CV-00734-R)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Juan Silva Contreras, a state prisoner proceeding pro se, requests a certificate of

appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition. We deny a

COA and dismiss the appeal.

Contreras pled guilty to murder in the first degree in Oklahoma state court and was

sentenced to life with the possibility of parole. The court entered judgment on August

11, 2005. Contreras did not appeal or move to withdraw his guilty plea. On October 21,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2008, Contreras filed an application for state post-conviction relief challenging his conviction on two grounds: (1) he was denied access to the Mexican Consulate; and (2) he was not informed that Oklahoma requires convicts to serve 85% of their sentences before becoming eligible for parole. His application was denied on October 29, 2008, and the Oklahoma Court of Criminal Appeals affirmed that denial on March 11, 2009.

On July 14, 2009, Contreras filed a § 2254 petition in federal court. The district court dismissed his petition as time-barred. Cf. Sanchez-Llamas v. Oregon, 548 U.S. 331, 360 (2006) (claims based on denial of access to foreign consulate are "subjected to the same procedural default rules that apply generally to other federal-law claims"). Having failed to obtain a COA from the district court, Contreras now seeks a COA from this court.

A petitioner may not appeal the denial of habeas relief under § 2254 without a COA. § 2253(c)(1). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). Contreras must therefore show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

Section 2254 petitions generally must be filed within one year from the date a conviction becomes final. See § 2244(d)(1)(a). But see § 2244(d)(1)(b)-(d) (providing

alternative statute of limitations start dates when state action impedes the filing of a petition, when a constitutional right is newly recognized, or when the factual predicate of a claim could not have been discovered through due diligence). Contreras' conviction became final on August 21, 2005, when the deadline to withdraw his guilty plea expired. See Fisher v. Gibson, 262 F.3d 1135, 1142 (10th Cir. 2001) (citing Rule 4.2, Rules of the Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18, App.). He did not file his petition until July 14, 2009, nearly three years after the one-year limitations period ran.

On appeal, Contreras fails to advance any reasoned argument challenging the district court's conclusion that his petition was time-barred. Although we must construe a pro se litigant's "pleadings and papers liberally, . . . our role is not to act as his advocate." Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009). The only issue mentioned in any fashion on appeal is Contreras' passing reference to Anderson v. State, 130 P.3d 273 (Okla. Crim. App. 2006), a case holding that juries must be instructed on Oklahoma's 85% rule as a matter of state law. Id. at 281-82. However, Contreras' petition would still be time-barred even if the one-year limitations period began on the date Anderson was decided rather than the date of conviction: Contreras did not file an application for state post-conviction relief or his habeas petition within one year of February 22, 2006—the date Anderson was decided.

Contreras' application for a COA is **DENIED**. Because Contreras has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues

- 3 -

raised on appeal," <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991), we

**DENY** his motion to proceed in forma pauperis.

Entered for the Court


Carlos F. Lucero
Circuit Judge