**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 15, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TONY SERNA,

     Plaintiff - Appellant,

v.

BUREAU OF LAND MANAGEMENT
WORLAND FIELD OFFICE (specifically
Acting Specialists; RITA ALLEN;
DONALD KRUMP; CAROL SHEAFF),

     Defendants - Appellees.

No. 15-8006
(D.C. No. 2:14-CV-00245-NDF)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **HOLMES**, and **McHUGH**, Circuit Judges.
_____

     Plaintiff-appellant Tony Serna, proceeding pro se and in forma pauperis,

appeals the district court's dismissal of his complaint for failure to state a claim.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

     In his complaint, Mr. Serna asserted a single claim of negligence against the

Bureau of Land Management (BLM) and three of its employees. He alleged that

_____

[*] After examining plaintiff-appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

after he recorded a business meeting between him and the employees, the employees violated Wyoming law when they "negligently coerced [him] to erase the recording by threatening to phone the police [and] file suit." R., Doc. 1 at 2. Specifically, he invoked a Wyoming statute that provides criminal penalties for the interception or disclosure of wire, oral, or electronic communications except under certain circumstances. *See* Wyo. Stat. Ann. § 7-3-702(a). As relevant here, the statute contains an exception that allows any person to intercept such communications "where the person is a party to the communication." *Id.* § 7-3-702(b)(iv). Mr. Serna also alleged that the BLM employees violated their general duties as public employees under 5 C.F.R. § 2635.101 and their duty to exercise due care under Wyoming common law. He sought more than four billion dollars in damages.

Mr. Serna moved to proceed in forma pauperis, and the district court reviewed the case under 28 U.S.C. § 1915(e)(2)(B)(ii). It then dismissed the complaint because (1) even if § 7-3-702 exempts Mr. Serna from criminal liability for making the recording in the first instance, it does not provide a private right of action against the defendants for convincing him to erase the recording based on their belief that it violated the statute; (2) in two prior actions brought by Mr. Serna, federal district courts concluded that the basic obligations of public service do not create a private right of action; and (3) Mr. Serna failed to identify any constitutional or statutory authority that would allow him to sue the federal government for the loss of the recording. Thus, Mr. Serna failed to state a claim upon which relief could be granted.

2

We review de novo dismissals under § 1915(e)(2)(B)(ii) for failure to state a claim, applying the same standard of review that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). Although we construe Mr. Serna's pro se complaint liberally, it is not our role to act as his advocate. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009); *see also Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

To determine whether Mr. Serna has sufficiently stated his claims under Rule 12(b)(6), we accept as true the well-pled factual allegations and consider whether he has provided "'enough facts to state a claim to relief that is plausible on its face.'" *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "'The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.'" *Thomas v. Kaven*, 765 F.3d 1183, 1190-91 (10th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

On appeal, Mr. Serna asserts that the district court erred by misapplying § 7-3-702 and by concluding that he failed to state a claim for negligence under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). As discussed below, for substantially the same reasons stated by the district court, we also conclude that the complaint fails to state a claim for relief under § 1915(e)(2)(B)(ii).

First, Mr. Serna cites no authority for the proposition that § 7-3-702 gives him the right to sue the defendants because they convinced him to erase a recording that

3

he made. To the contrary, the clear intent of the statute is to impose criminal liability on persons who intercept or disclose certain communications. Generally, criminal statutes do not create a private cause of action. *See Kaw Nation v. Springer*, 341 F.3d 1186, 1191 (10th Cir. 2003) ("[U]nless . . . congressional intent [to create a private right of action] can be inferred from the language of the statute, the statutory structure, or some other source, the essential predicate for implication of a private remedy simply does not exist." (internal quotation marks omitted)). As Mr. Serna is not being criminally prosecuted in this case, the statute does not apply here.

Second, Mr. Serna appears to argue that the district court did not consider whether he stated a claim under the FTCA. But the court's order implicitly does so by stating that two district courts "have previously determined Plaintiff failed to state a claim under either § 1983 or the Federal Tort Claims Act (FTCA) based on these allegations." R., Doc. 3 at 3. Based on our review of the complaint, we likewise conclude that Mr. Serna fails to state an actionable claim for negligence. The allegations in the complaint do not show that the defendants breached a duty owed to Mr. Serna. Moreover, his apparent theory of negligence, although not fully developed, could perhaps best be construed as a claim the employees misrepresented that it was illegal to record the meeting. The FTCA clearly bars such a claim. *See* 28 U.S.C. § 2680 ("The provisions of . . . section 1346(b) . . . shall not apply to . . . [a]ny claim arising out of . . . misrepresentation . . . ."); *see also Dorking Genetics v. United States*, 76 F.3d 1261, 1264 (2d Cir. 1996) ("This exception applies to claims arising out of negligent, as well as intentional, misrepresentation." (internal quotation

4

marks omitted)).  Also lacking from Mr. Serna's complaint, as noted by the district court, is any showing as to how the defendants' alleged conduct caused him to suffer any damage, including the over four billion dollars in damages he claims.  Therefore, we affirm the district court's dismissal of Mr. Serna's case.

Entered for the Court


Carolyn B. McHugh
Circuit Judge