FILED
United States Court of Appeals
Tenth Circuit

March 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JESSE BARAJAS,

Petitioner - Appellant,

v.

FRANCIS FALK, Warden, L.C.F.; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

Respondents - Appellees.

No. 15-1331
(D.C. No. 1:14-CV-01827-PAB)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Jesse Barajas, a Colorado state prisoner proceeding pro se,[1] seeks a certificate

of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254

petition for habeas relief. He also seeks leave to proceed in forma pauperis (IFP). We

grant Barajas' IFP motion but deny his request for a COA and dismiss this matter.

A jury convicted Barajas of theft from an at-risk adult, robbery, and third-

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Barajas appears pro se, we liberally construe his combined brief and
COA application. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But
we don't assume the role of his advocate. *Id*.

degree assault based on his participation in a series of purse snatchings. The trial court later adjudicated Barajas a habitual criminal under Colo. Rev. Stat. § 18-1.3-801 and imposed a controlling sentence of 48 years' imprisonment. The court ordered Barajas to serve that sentence consecutively to his controlling sentence in another case, resulting in a total prison term of 224 years.

The Colorado Court of Appeals affirmed Barajas' convictions and sentence on direct appeal, and the Colorado Supreme Court denied certiorari. Barajas moved for postconviction relief under Colo. R. Crim. P. 35(c), alleging ineffective assistance of trial counsel. The state district court denied relief, the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari. Barajas then filed his § 2254 federal habeas petition, which the district court denied. The district court did not rule on a COA.

Barajas now seeks to appeal the district court's denial of his habeas petition.[2] But first he must obtain a COA. 28 U.S.C. § 2253(c)(1)(A). We will grant a COA only if Barajas makes "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). This means Barajas must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

[2] Barajas filed an untimely notice of appeal from the district court's judgment. The district court ultimately entered an order reopening the time to appeal under Fed. R. App. P. 4(a)(6), and granted Barajas' motion to file the appeal out of time, curing the jurisdictional defect.

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

Barajas makes four arguments: (1) the State violated his Fourteenth Amendment right to due process by failing to present sufficient evidence of his complicity to support his robbery conviction, (2) the State violated his Fourteenth Amendment right to due process by erroneously instructing the jury on the theory of complicity, (3) trial counsel's failure to object to the erroneous complicity instruction violated his Sixth Amendment right to effective assistance of counsel, and (4) trial counsel's failure to request that a jury, rather than the judge, determine his status as a habitual criminal violated his Sixth Amendment right to effective assistance of counsel.

The Colorado Court of Appeals rejected these claims on the merits. Thus, to obtain federal habeas relief, Barajas must show that the CCA's rejection of these claims was contrary to, or involved an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d). In a thorough, well-reasoned order, the district court addressed the CCA's treatment of each of Barajas' constitutional claims and determined Barajas wasn't entitled to habeas relief.

We have reviewed Barajas' arguments, the appellate record, the CCA's decision, the district court's order denying habeas relief, and the applicable law. Based on this review, we conclude Barajas hasn't demonstrated that reasonable

3

jurists would debate the correctness of the district court's resolution of his petition.

Thus, we deny Barajas' request for a COA and dismiss this matter.


Entered for the Court


Nancy L. Moritz
Circuit Judge