FILED
United States Court of Appeals
Tenth Circuit

July 14, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

BRUCE MINGO,

     Petitioner - Appellant,

v.

RICK RAEMISCH; CYNTHIA
COFFMAN,

     Respondents - Appellees.

No. 16-1115
(D.C. No. 1:14-CV-03282-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

     Bruce Mingo, a Colorado state prisoner proceeding pro se,[1] seeks a certificate

of appealability (COA) so he can appeal the district court's denial of his 28 U.S.C.

§ 2254 application for habeas relief. We deny his request for a COA and dismiss this

matter.

     A jury convicted Mingo of first-degree murder, and the state trial court

imposed a sentence of life without the possibility of parole. The Colorado Court of

Appeals affirmed Mingo's conviction and sentence on direct appeal, and the

---

     [*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

     [1] Because Mingo appears pro se, we liberally construe his combined opening brief and COA application. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But we don't assume the role of his advocate. *Id.*

Colorado Supreme Court denied certiorari. The state district court denied Mingo's motion for postconviction relief under Colo. R. Crim. P. 35(c), the Colorado Court of Appeals affirmed, and the Colorado Supreme Court denied certiorari. Mingo then applied for § 2254 habeas relief. The district court denied Mingo's habeas application and also denied Mingo's requests for a COA.

Mingo now asks us to issue a COA. *See* 28 U.S.C. § 2253(c)(1). But we can do so only if Mingo makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). This means Mingo must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Mingo asserts three claims: (1) his trial counsel's ineffectiveness in several respects violated his Sixth Amendment right to effective assistance of counsel, (2) the trial court violated his Fifth and Fourteenth Amendment rights to due process when the trial judge offered inducements to the chief prosecution witness, and (3) the trial court violated his Fifth and Fourteenth Amendment rights to due process when the trial judge failed to ensure that Mingo knowingly, intelligently, and voluntarily waived his right to testify.[2]

---

[2] Mingo asserted a fourth claim in his habeas petition—that the State violated his Fifth and Fourteenth Amendment due-process rights when it failed to consider certain evidence in postconviction proceedings. The district court determined that claim wasn't cognizable in a federal habeas action. Mingo doesn't challenge that

2

The Colorado Court of Appeals rejected each of these claims on the merits when it affirmed the state district court's denial of Mingo's motion for postconviction relief. Thus, Mingo had to demonstrate to the district court that the Court of Appeals' rejection of these claims was contrary to, or an unreasonable application of, clearly established federal law, or that it was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2). In its 74-page order denying Mingo's habeas application, the district court thoroughly considered the Court of Appeals' treatment of each of Mingo's claims and determined Mingo wasn't entitled to habeas relief.

We have reviewed Mingo's combined opening brief and COA application, the appellate record, the Colorado Court of Appeals' decision, the district court's order denying habeas relief, and the applicable law. Based on this review, we conclude Mingo hasn't demonstrated that reasonable jurists could debate the correctness of the district court's resolution of his habeas application. Thus, we deny Mingo's request for a COA and dismiss this matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

determination or reassert the fourth claim in his combined opening brief and COA application.

3