FILED
United States Court of Appeals
Tenth Circuit

August 24, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GERALD E. VALLEJOS,

     Plaintiff - Appellant,

v.

LOVELACE MEDICAL CENTER; THE
2ND JUDICIAL DISTRICT COURT,
NEW MEXICO,

     Defendants - Appellees,

No. 17-2090
(D.C. No. 1:17-CV-00183-PJK-WPL)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se, Gerald Vallejos appeals the district court's dismissal of his

complaint.[1] *See* Fed. R. Civ. P. 12(b)(6). Exercising de novo review, *see Smith v.*

*United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), we affirm.

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

    [1] Because Vallejos proceeds pro se, we liberally construe his filings. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But it's not our role to act as his advocate. *See id.*

Vallejos brought suit in federal district court against Lovelace Health System, Inc. (Lovelace)[2] and the Second Judicial District Court of New Mexico, alleging "[h]onest services [f]raud." R. vol. 1, 7. On April 14, 2017, the district court dismissed the complaint against the Second Judicial District Court without prejudice for lack of subject matter jurisdiction. It subsequently granted Lovelace's motion to dismiss on May 5, 2017, and entered judgment to that effect on May 8, 2017.

On appeal, Vallejos argues that the district court erred in granting Lovelace's motion to dismiss.[3] Specifically, he asserts that the district court erred in failing to recognize "that the state district court . . . granted [Vallejos] judgment on his defamation claim." R. vol. 1, 107. But we have reviewed the transcript that Vallejos cites and agree with the federal district court: the state district court unambiguously granted summary judgment to Lovelace—and not to Vallejos—on Vallejos'

---

[2] Vallejos refers to Lovelace as "Lovelace Medical Center." R. vol. 1, 5. But Lovelace asserts that this isn't its actual title.

[3] To the extent Vallejos seeks to challenge the district court's April 14, 2017 order dismissing his complaint against the Second Judicial District Court, we lack jurisdiction to review that order; Vallejos filed his notice of appeal on June 2, 2017, and he designated therein only the district court's May 5, 2017 and May 8, 2017 order and final judgment. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case, . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment or order appealed from."); Fed. R. App. P. 3(c)(1)(B) (requiring notice of appeal to "designate the judgment, order, or part thereof being appealed"); *Williams v. Akers*, 837 F.3d 1075, 1078 (10th Cir. 2016) ("Like Rule 4(a)(1)(A)'s 30-day filing deadline, Rule 3(c)(1)(B)'s designation requirement is jurisdictional."). Likewise, because Vallejos failed to timely appeal the district court's June 27, 2017 order granting Lovelace's motion for attorney's fees, we lack jurisdiction to review that order as well. *See E.E.O.C. v. Wal-Mart Stores, Inc.*, 187 F.3d 1241, 1250 (10th Cir. 1999) ("[A] supplemental notice of appeal is required for us to have jurisdiction over an [attorney's fee] issue that becomes final subsequent to the initial notice of appeal.").

defamation claim. Because Vallejos doesn't identify any other potential errors in the district court's ruling, we affirm.

Entered for the Court

Nancy L. Moritz
Circuit Judge