**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

STEPHEN CRAIG BURNETT,

     Plaintiff - Appellant,

v.

OKLAHOMA DEPARTMENT OF
CORRECTIONS,

     Defendant - Appellee.

No. 17-6202
(D.C. No. 5:16-CV-00609-M)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McKAY**, and **BALDOCK**, Circuit Judges.
_____

     Stephen Craig Burnett sued the Oklahoma Department of Corrections (ODOC)

alleging that certain prison policies substantially burden his religious rights in

violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA),

42 U.S.C. §§ 2000cc-2000cc-5. Mr. Burnett alleged two claims and sought

declaratory and injunctive relief. The district court dismissed one claim for failure to

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

exhaust his administrative remedies and the second claim for lack of standing.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.      Background

Mr. Burnett is an Oklahoma inmate and a member of the Jewish faith.  In his pro se complaint, he challenged aspects of ODOC's Religious Services policy, claiming that they substantially burden his religious practice.  In his first claim, he objected to several provisions of the policy related to kosher diets.  Inmates may request a kosher diet by completing an ODOC form that sets forth rules inmates must follow and the consequences for violation of those rules.  Mr. Burnett alleged that he has not submitted the request form because it would subject him to policies that violate RLUIPA, specifically:  the possibility of waiting periods of up to 60 days to receive the diet, increasingly severe suspensions from the kosher diet without due process if the inmate consumes any non-kosher food, and the necessity to reapply for a kosher diet following a suspension and upon transfer to another facility.  He asked the district court to order certain changes to the policy, including eliminating all requirements for obtaining a kosher diet other than a request based on an inmate's statement of his sincere religious belief.

In his second claim, Mr. Burnett challenged the limitations on religious items under the Religious Services policy, which lists the items that inmates may possess in their cells and those that are permitted for communal use.  He alleged that this policy violates RLUIPA by denying him access to other religious items that are essential to

2

his religious practice. He asked the court to order changes to this policy, including adding certain religious items to the list of allowable items.

ODOC moved to dismiss Mr. Burnett's complaint under Fed. R. Civ. P. 12(b)(6) for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). A magistrate judge recommended dismissing his claim challenging the religious items policy on that basis, but concluded that his claim challenging the kosher diet policy should instead be dismissed for lack of standing. After de novo review of Mr. Burnett's objections to the magistrate judge's report and recommendation, the district court adopted it and dismissed his complaint without prejudice.

## II. Discussion

We review de novo a district court's dismissal of an inmate's claim for failure to exhaust administrative remedies. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). Although failure to exhaust is an affirmative defense, it may be raised in a motion to dismiss asserting a failure to state a claim when the grounds for this defense appear on the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *cf. Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225-26 (10th Cir. 2007) (holding a district court may, in some cases, dismiss a prisoner's complaint sua sponte for failure to exhaust administrative remedies after giving the prisoner an opportunity to address both exhaustion and whether exhaustion was excused). We also review de novo the dismissal of a complaint for lack of standing. *COPE v. Kan.*

3

*State Bd. of Educ.*, 821 F.3d 1215, 1220 (10th Cir. 2016).[1] Because Mr. Burnett

proceeds pro se, "we construe his pleadings and papers liberally, but our role is not to

act as his advocate." *Gallagher*, 587 F.3d at 1067.

### A. Dismissal of Claim Challenging Religious Items Policy for Failure to Exhaust Administrative Remedies

The district court held that Mr. Burnett failed to exhaust his claim challenging

the ODOC religious items policy. The first step in the ODOC grievance procedure

required him to attempt an informal resolution of the issue with a staff member.

Mr. Burnett made "affirmative but not conclusive statements" regarding his

exhaustion of remedies in his complaint. *Aquilar-Avellaveda*, 478 F.3d at 1225. He

affirmatively alleged that he had pursued the ODOC grievance process before filing

suit, but the request to staff that he attached to his complaint addressed only the

kosher diet policy; it did not mention religious items or the religious items policy. In

response to ODOC's motion to dismiss, Mr. Burnett did not contend that he had

exhausted this claim. *See Gallagher*, 587 F.3d at 1068 (noting prisoner did not

contest his failure to exhaust in response to dismissal motion). Instead, he argued

---

[1] Contrary to Mr. Burnett's assertion, the district court was not required to convert ODOC's dismissal motion into a motion for summary judgment because it relied on documents that he incorporated by reference in, or attached as exhibits to, his complaint. *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

that exhaustion was *excused* because administrative remedies were not available to him.[2]  The district court rejected his contention.

On appeal, Mr. Burnett points to his allegations that ODOC's grievance procedure does not provide an available administrative remedy because no staff member processing grievances has the authority to grant the relief he requested in his complaint and inmates may not challenge the legality of an ODOC policy.  He also maintains that the ODOC grievance policy, on its face, is so complex, confusing, and labyrinthine that it cannot be effectively utilized by an ordinary prisoner.[3] Mr. Burnett contends that these allegations demonstrate that administrative remedies were unavailable to him under the Supreme Court's reasoning in *Ross v. Blake*, 136 S. Ct. 1850 (2016).

In *Ross*, the Court gave examples of "circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief," including, as relevant here, (1) a procedure that "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief," and (2) "an

---

[2] Because Mr. Burnett does not dispute the issue, we proceed on the assumption that he bore the burden to demonstrate that exhaustion was excused in response to ODOC's motion to dismiss.  *Cf. Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) (holding in affirming summary judgment that "[o]nce a defendant proves that a plaintiff failed to exhaust . . . the onus falls on the plaintiff to show that remedies were unavailable to him . . . .").

[3] We can consider the text of the ODOC grievance policy in reviewing the district court's dismissal order.  The policy is referenced in Mr. Burnett's complaint, it is central to his contention that administrative remedies were unavailable, and he does not dispute the authenticity of the copy of the policy filed with ODOC's Special Report.  *See Smith*, 561 F.3d at 1098.

5

administrative scheme . . . [that is] so opaque that it becomes, practically speaking, incapable of use." *Id.* at 1859. It held that a prisoner asserting a claim involving staff misconduct may be able to show he did not have an "available" administrative remedy where there is evidence that, contrary to a written grievance policy, wardens routinely dismiss grievances involving that issue as procedurally improper. *Id.* at 1860-62.

Mr. Burnett has not shown that ODOC's grievance process was unavailable to him. He alleged that he could not obtain through that process the relief that he requested in his complaint because no staff member reviewing grievances can rule on the legality of a prison policy. But an administrative procedure is not unavailable because it fails to provide the specific relief that an inmate demands. Rather, "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). In *Booth,* the Supreme Court rejected a prisoner's contention that he lacked an "available" administrative remedy where the applicable grievance process "has authority to take some action in response to a complaint, but not the remedial action an inmate demands to the exclusion of all other forms of redress." *Id.* at 736. It held that a prisoner who seeks only money damages is required to complete a grievance process even though it does not provide for that type of relief. *Id.* at 734; *see also id.* at 741 (holding it was "highly implausible that [Congress] meant to give prisoners a strong inducement to skip the administrative process simply by limiting prayers for relief to money damages not

6

offered through administrative grievance mechanisms").[4]  Thus, Mr. Burnett fails to

show that the ODOC grievance process was unavailable to him because it cannot

provide the specific relief that he seeks in his complaint.[5]

Mr. Burnett also contends that the ODOC grievance process cannot be

effectively utilized by an ordinary prisoner due to its complexity.  But as the

Supreme Court explained, grievance procedures "need not be sufficiently 'plain' as

to preclude any reasonable mistake or debate with respect to their meaning."  *Ross*,

136 S. Ct. at 1859.  Here, Mr. Burnett points to nothing in the ODOC policy

persuading us that the grievance process meets the "significantly higher bar" of being

"essentially unknowable—so that no ordinary prisoner can make sense of what it

demands."  *Id.* (internal quotation marks omitted).  He therefore fails to satisfy the

Supreme Court's standard for demonstrating that the ODOC's administrative scheme

is unavailable.[6]

---

[4] Mr. Burnett contends that the Supreme Court overruled *Booth* in *Ross*.  Not so.  *Ross* cited *Booth* for the proposition that an administrative procedure is unavailable when it "lacks authority to provide *any* relief."  *Ross*, 136 S. Ct. at 1859 (emphasis added; internal quotation marks omitted).

[5] To the extent that Mr. Burnett now argues that the ODOC grievance process lacks authority to provide him *any* relief on his claim challenging the limited list of allowable religious items under the ODOC policy, we decline to consider that issue because he failed to raise and develop it in the district court.  *See Gallagher*, 587 F.3d at 1068.  We note, however, that some relief other than invalidation of the policy appears to be available.  The Religious Services policy, itself, permits inmates to request that additional items be added to the list of allowable religious items.

[6] Mr. Burnett also asserts that, in practice, ODOC officials apply the grievance policy in a manner that hinders inmates' successful use and completion of the

(continued)

Mr. Burnett next contends that the district court erred in denying as moot his motion for leave to conduct discovery on exhaustion of administrative remedies. The magistrate judge reviewed his discovery requests and held that they "would not have affected the findings" in the report and recommendation. R. at 245. Mr. Burnett argues that ODOC's responses to his discovery requests would show that he had no available administrative remedy. We disagree. He first contends that discovery would have proven his allegation that no staff member reviewing grievances could grant the relief that he sought in challenging the religious items policy. But as we have explained, establishing that fact would not be sufficient to show that he lacked an available administrative remedy. And his anticipated responses to his other discovery requests would not demonstrate that ODOC's grievance policy is so opaque that "no ordinary prisoner can discern or navigate it." *Ross*, 136 S. Ct. at 1859. We see no abuse of discretion in the district court's denial of discovery. *See Garcia v. Tyson Foods, Inc.* 770 F.3d 1300, 1309 (10th Cir. 2014) (reviewing district court's denial of motion to compel discovery for an abuse of discretion). Mr. Burnett has not shown "that the denial of discovery resulted in actual and substantial prejudice." *Id.* (internal quotation marks omitted).

---

grievance process. *See Ross*, 136 S. Ct. at 1860 (noting administrative remedies may be unavailable where prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation"). But he did not allege that any prison official interfered with his ability to pursue a grievance regarding the religious items policy.

The district court did not err in holding that it was evident from Mr. Burnett's complaint that he had not exhausted his claim challenging the religious items policy, and that he failed to show in response to ODOC's motion to dismiss that the ODOC grievance process—which he made no attempt to pursue—was unavailable. We affirm the district court's dismissal of that claim for failure to exhaust administrative remedies.

### B.     Dismissal of Claim Challenging Kosher Diet Policy for Lack of Standing

Standing to bring a claim under RLUIPA is "governed by the general rules of standing under Article III of the Constitution." 42 U.S.C. § 2000cc-2(a). The district court dismissed Mr. Burnett's claim challenging the kosher diet policy on an alternative ground not raised by ODOC: his lack of standing to bring this claim. *See Cornhusker Cas. Co. v. Skaj*, 786 F.3d 842, 851 (10th Cir. 2015) (explaining that because standing implicates subject matter jurisdiction it is "a threshold issue in *every* case before a federal court" (internal quotation marks omitted)). "At the start of litigation, a plaintiff must show standing under Article III by demonstrating: (1) an injury in fact; (2) a causal connection between the injury and the challenged action; and (3) a likelihood that a favorable decision will redress the injury." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (alteration and internal quotation marks omitted).

The district court noted Mr. Burnett's requested relief: an injunction ordering ODOC to change its kosher diet policy in specific ways and a declaration that the

9

challenged provisions of the policy are violating his rights under RLUIPA. According to his complaint, however, Mr. Burnett is not subject to any aspect of the kosher diet policy because he has not requested that diet by submitting the ODOC request form. The court therefore concluded that, "[a]s it now stands, [Mr. Burnett] is not suffering an actual or continuing injury under the relevant policy." R. at 242. Therefore, because of his failure to submit to the policy, the court held that he lacked standing to challenge it. For this proposition the district court cited several cases from other courts, including *Jackson-Bey v. Hanslmaier*, 115 F.3d 1091, 1096 (2d Cir. 1997) (stating that "[a]s a general matter, to establish standing to challenge an allegedly unconstitutional policy, a plaintiff must submit to the challenged policy") (cited with approval in *United States v. Hardman*, 297 F.3d 1116, 1121 (10th Cir. 2002)); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166-68 (1972) (holding African-American plaintiff who had not applied for membership lacked standing to challenge lodge's all-white membership policy); and *Madsen v. Boise State University*, 976 F.2d 1219, 1220 (9th Cir. 1992) (per curiam) ("There is a long line of cases . . . that hold that a plaintiff lacks standing to challenge a rule or policy to which he has not submitted himself . . . .").

Most of Mr. Burnett's appeal arguments do not address the district court's ruling that he lacks standing because he is not subject to the ODOC kosher diet policy provisions that he challenges. In particular, the cases he cites regarding challenges to kosher diet policies in Florida prisons are inapposite on the standing issue. In *United States v. Secretary, Florida Department of Corrections*,

10

778 F.3d 1223, 1225-26 (11th Cir. 2015), the United States challenged the Florida Department of Corrections' kosher diet policy under 42 U.S.C. § 2000cc-2(f), which authorizes the government to "bring an action for injunctive or declaratory relief to enforce compliance with [RLUIPA]."  And in *Rich v. Secretary, Florida Department of Corrections*, 716 F.3d 525, 528 (11th Cir. 2013), the prisoner asserted a claim under RLUIPA challenging his prison's failure to provide any kosher meals to inmates.

We also reject Mr. Burnett's attempt to re-characterize his claim as asserting injury based on ODOC's denial of a request to receive a kosher diet.  That is not the claim he alleged in his complaint.  *See* R. at 10 (alleging "an actual controversy as to whether the challenged portion of the DOC religious policy violates Plaintiff's . . . rights under the RLUIPA"); *id.* at 11 (asserting that particular portions of the kosher diet policy violate RLUIPA); *id.* at 14 (seeking relief including the elimination of challenged provisions of the kosher diet policy and an injunction prohibiting removal of Jewish inmates from the kosher diet except upon their request); *id.* at 18 (listing provisions of kosher diet policy challenged in the complaint).

Mr. Burnett has not shown error in the district court's dismissal of his claim challenging the kosher diet policy based on a lack of standing.  We therefore affirm dismissal on that basis.

11

## III.  Conclusion

The district court's judgment is affirmed.  We grant Mr. Burnett's motion for leave to proceed on appeal without prepayment of costs and fees.

Entered for the Court


Bobby R. Baldock
Circuit Judge