**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

RODNEY T. FISHER,

    Plaintiff - Appellant.

v.

JOE M. ALLBAUGH, Director,
Department of Corrections; JENNY
DILLON, Deputy Warden, Lexington
Correctional Center; MIKE DUNCAN,
Unit Manager, Lexington Correctional
Center; T. MCCOLLUGH, Warden,
Lexington Correctional Center

    Defendants - Appellees.

No. 16-6309
(D.C. No. 5:16-CV-00662-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Oklahoma prisoner Rodney Fisher brought suit under 42 U.S.C. § 1983,

alleging various constitutional violations. The district court screened Fisher's

complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2) and concluded

that Fisher failed to state a claim upon which relief can be granted. The district court

---

[*] After examining Fisher's brief and the appellate record, this panel has
determined unanimously that oral argument wouldn't materially assist in the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument. This order and
judgment isn't binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel. But it may be cited for its persuasive value. *See*
Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

dismissed the action without prejudice and issued a strike to Fisher under 28 U.S.C. § 1915(g).

Proceeding pro se,[1] Fisher appeals the district court's dismissal. But his opening brief fails to identify—much less expound upon—any error by the district court. Instead, Fisher's brief rehashes and supplements the facts underlying his claims. While we're mindful of Fisher's pro se status, we will not simply overlook his failure to engage with the district court's reasoning. *See Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015) ("[W]e affirm the district court's dismissal of [plaintiff's] claim because [plaintiff's] opening brief contains nary a word to challenge the basis of the dismissal . . . ."); *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (explaining that pro se appellants, like all other appellants, must state contentions of error and supporting arguments).

Because Fisher fails to adequately challenge the district court's bases for dismissing his claims, we affirm. We also grant Fisher's motion to proceed on appeal in forma pauperis, and we remind him that he must continue making partial payments until he has paid the full amount of his fees and costs.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[1] Because Fisher proceeds pro se, we liberally construe his filings. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But it's not our role to act as his advocate. *Id.*

2