**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

PETER PARK,

    Defendant - Appellant.

No. 17-3254
(D.C. Nos. 2:16-CV-02728-KHV and
2:12-CR-20083-KHV-11)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se, federal prisoner Peter Park seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255

motion.[1] Because Park fails to demonstrate that reasonable jurists could debate the

district court's resolution of his claims, we deny his request for a COA and dismiss

this matter.

In 2013, Park pleaded guilty to conspiring to commit various drug offenses

and to possessing a firearm in furtherance of a drug-trafficking crime. As part of his

---

[*] This order isn't binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
_See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because Park appears pro se, we liberally construe his filings. _Gallagher v.
Shelton_, 587 F.3d 1063, 1067 (10th Cir. 2009).

plea agreement, Park waived his right to appeal or collaterally attack his convictions and his sentence. The plea agreement's waiver provision contained an exception, however, for claims alleging ineffective assistance of counsel and prosecutorial misconduct.

Despite agreeing to waive his appellate rights, Park later appealed his conviction and sentence. He then voluntarily stipulated to the dismissal of his direct appeal and, nine months later, filed the instant 28 U.S.C. § 2255 motion.

Construing Park's § 2255 motion liberally, *see Gallagher*, 587 F.3d at 1067, the district court detected 21 distinct claims: claims 1–5 and 8–15 alleged ineffective assistance of counsel; claims 6, 7, and 16 alleged prosecutorial misconduct; claim 17 asserted that the trial court erred in failing to hold the government to an alleged oral agreement; claim 18 asserted a Fifth Amendment violation; claim 19 alleged a violation of Park's speedy-trial rights; claim 20 alleged that the trial court erred in accepting the defendant's plea; and claim 21 argued that the trial court erred in allowing the government to use unlawfully obtained evidence.[2]

The district court concluded that claims 17–21 fell within the scope of the plea waiver and declined to consider them on that basis. It then rejected Park's remaining

---

[2] Park doesn't challenge the district court's characterization of his claims. We therefore accept that characterization as accurate for purposes of resolving Park's COA request.

2

claims on the merits, denied his § 2555 motion, and denied him a COA. Park now seeks to appeal. But first, he must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B).

In determining whether to grant a COA, we take one of two approaches. If the district court rejected a particular claim on the merits, a petitioner seeking a COA "must demonstrate that reasonable jurists would find the district court's assessment of [that claim] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If, on the other hand, the district court rejected a claim on procedural grounds, the prisoner must show both (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" *and* (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Id.*

Here, the district court took a hybrid approach in analyzing Park's petition. First, it rejected claims 17–21 on procedural grounds, concluding that they fell within the scope of the plea agreement's waiver provision. Thus, to obtain a COA to challenge the district court's resolution of these claims, Park must demonstrate, inter alia, "that jurists of reason would find it debatable whether the district court was correct in [this] procedural ruling." *Slack*, 529 U.S. at 484.

Yet Park's opening brief contains "nary a word to challenge" the district court's procedural ruling. *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1369 (10th Cir. 2015). In fact, Park doesn't even acknowledge the district court's grounds for refusing to consider these claims, let alone identify a basis upon which reasonable

3

jurists might find the district court's resolution of these claims debatable. Thus, Park necessarily fails to make the requisite *Slack* showing, and we therefore deny him a COA to appeal the district court's resolution of claims 17–21.

We turn next to Park's remaining claims, which the district court rejected on the merits. As discussed above, Park is entitled to a COA to appeal the district court's resolution of these claims only if he demonstrates that "reasonable jurists would find the district court's assessment of [them] debatable or wrong." *Slack*, 529 U.S. at 484.

Park first asserts that defense counsel was ineffective in advising him to plead guilty to possessing a firearm in furtherance of the drug conspiracy because Park was "innocent of th[at] crime." Aplt. Br. 5.

At the outset, we note that we're not entirely convinced Park ever raised this specific claim below; instead, it appears he argued there (in what the district court treated as claim 15) that defense counsel was ineffective in advising Park "to sign a plea agreement before discovery concluded." R. vol. 2, 191. And in determining whether to grant a COA, we generally decline to review those arguments a petitioner failed to advance in district court. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012)

Nevertheless, even if we assume Park advanced this specific claim below, he fails to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) [his] petition should have been resolved in a different manner" on the basis of this claim. *Slack*, 529 U.S. at 484. "[W]hen a defendant alleges that his

4

attorney's ineffective assistance led him to plead guilty, the test for prejudice is whether he can show that he would not have pled guilty had his attorney performed in a constitutionally adequate manner." *Miller v. Champion*, 262 F.3d 1066, 1068 (10th Cir. 2001). And to make this showing, a petitioner must—at a minimum— allege "that he would have insisted on trial but for his counsel's errors." *Id.* at 1072. Because Park makes no such allegation here, he's not entitled to a COA on this basis.

Next, Park asserts that the prosecutor committed misconduct by promising to "take the [§] 924(c) away at sentencing" and then failing to follow through on that promise. Aplt. Br. 6; *see also* 18 U.S.C. § 924(c)(1)(A) (providing that any person who possesses a firearm in furtherance of a drug-trafficking crime "shall, in addition to the punishment provided for such crime" be subject to additional penalty).

The district court rejected this argument, which it treated as claim 16, noting that the trial court found this alleged promise "could not be enforced at sentencing because it violated the plea agreement." R. vol. 2, 194. In light of this finding, the district court reasoned, Park "fail[ed] to show how the government's failure to seek enforcement of the agreement affected his conviction or sentence or infected the proceedings with unfairness that amounted to a denial of due process." *Id.*; *see also Cole v. Trammell*, 755 F.3d 1142, 1174 (10th Cir. 2014).

In other words, the district court concluded that even assuming the prosecutor made and then reneged on such a promise, Park's failure to establish the prosecutor's actions prejudiced him was fatal to his prosecutorial misconduct claim. And Park

5

makes no attempt to explain how or why "reasonable jurists would find the district court's assessment . . . debatable or wrong." *Slack*, 529 U.S. at 484. Accordingly, we won't grant a COA on this basis.

Finally, in a related argument, Park asserts that defense counsel was ineffective in failing to "get a written agreement" from the government regarding its alleged promise to "take the 924(c) away at sentencing." Aplt. Br. 6, 9. The district court rejected this argument, which it treated as claim 2, on the same basis upon which it rejected claim 16. That is, the district court cited the trial court's finding "that enforcing the alleged [promise] would not be consistent with the plea agreement," R. vol. 2, 186, and concluded that even assuming defense counsel's performance was deficient, Park therefore couldn't demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Because Park fails to engage with the district court's reasoning, he once more fails to establish that "reasonable jurists would find the district court's assessment . . . debatable or wrong." *Slack*, 529 U.S. at 484. Park is therefore not entitled to a COA on this basis either.

For the reasons discussed above, Park isn't entitled to a COA to appeal the district court's resolution of claim 2 or claims 15–21. That leaves claim 1 and claims 3–14. But Park doesn't address these remaining claims or the district court's reasons for rejecting them. Accordingly, Park necessarily fails to show that "reasonable

6

jurists would find the district court's assessment" of these claims "debatable or wrong." *Slack*, 529 U.S. at 484. Thus, we deny Park's COA request and dismiss the matter.

Entered for the Court

Nancy L. Moritz
Circuit Judge