**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MASALA JAMES,

    Plaintiff - Appellant,

v.

KEITH IVENS; CORRECTIONS
CORPORATION OF AMERICA,

    Defendants - Appellees,

No. 18-6025
(D.C. No. 5:14-CV-00146-HE)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.
_____

Proceeding pro se,[1] Masala James appeals the district court's order

(1) granting summary judgment to Corrections Corporation of America (CCA) and

Keith Ivens (collectively, the defendants) on James' Eighth Amendment claim and

(2) dismissing James' conspiracy claim with prejudice. We affirm the district court's

order and deny James' motion to proceed in forma pauperis (IFP) on appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] Because James appears pro se, we liberally construe his filings. *See* *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But we won't act as his advocate. *See id.*

## Background

This appeal arises from events that occurred while James was an inmate at the North Fork Correctional Facility, a private Oklahoma prison owned by CCA. At the time of the events, Ivens "was the regional medical director for CCA." R. vol. 2, 253. According to James—who was then suffering from Coccidioidomycosis[2]—Ivens denied him adequate medical care when he wrongly "denied [James'] request for Fluconazole." R. vol. 3, 78.

As a result, James sued the defendants under 42 U.S.C. § 1983, alleging that (1) they violated the Eighth Amendment by demonstrating deliberate indifference to his serious medical needs and (2) they conspired to violate his constitutional rights. The defendants moved for summary judgment, and the district court referred the matter to a magistrate judge. *See* 28 U.S.C. § 636(b)(1)(B).

The magistrate judge recommended (1) granting the defendants' motion for summary judgment on James' deliberate-indifference claim and (2) dismissing his conspiracy claim with prejudice. In doing so, the magistrate judge first pointed out that the record indicated "Ivens' decision not to prescribe Fluconazole was based on his professional medical judgement." R. vol. 3, 80. And although James expressed "'disagree[ment]' with the evidence relating to the basis for [Ivens'] decision," James "present[ed] no more than his own speculation and conjecture" to support that disagreement. *Id.* Thus, the magistrate judge concluded, James failed to identify a genuine issue of material fact sufficient to defeat the defendants' motion for

---

[2] Coccidioidomycosis is a "fungal infection" that is "otherwise known as 'valley fever.'" R. vol. 3, 75 & n.2.

summary judgment on his deliberate-indifference claim against Ivens. And because James failed to establish that Ivens violated his constitutional rights, the magistrate judge reasoned that James necessarily couldn't "impose liability against" CCA under a theory of municipal liability. *Id.* at 82.

Finally, the magistrate judge acknowledged that the defendants failed to discuss James' conspiracy claim in their motion for summary judgment. Nevertheless, because the defendants were entitled to summary judgment on James' underlying deliberate-indifference claim, the magistrate judge sua sponte recommended dismissing James' conspiracy claim with prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring court to dismiss if it determines IFP action fails to state claim upon which relief can be granted); *Thompson v. City of Lawrence*, 58 F.3d 1511, 1517 (10th Cir. 1995) ("We have already determined, however, that [plaintiff] has failed to establish the existence of any constitutional violations. Since an essential element of the conspiracy claim is absent, the allegation fails.").

The district court then adopted the magistrate judge's recommendations in full; granted the defendants' motion for summary judgment on James' deliberate-indifference claim; and dismissed James' conspiracy claim with prejudice. James appeals.

## Analysis

We review de novo the district court's order granting summary judgment to the defendants on James' deliberate-indifference claim, "drawing all reasonable inferences and resolving all factual disputes in [James'] favor." *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015) (quoting *Yousuf v. Cohlmia*, 741 F.3d 31, 37 (10th Cir. 2014)). Likewise, we review de novo the district court's decision to dismiss James' conspiracy claim with prejudice under § 1915(e)(2)(B)(ii). *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

On appeal, James advances two arguments. First, he asserts that the district court erred in granting the defendants' motion for summary judgment on his deliberate-indifference claim because, according to James, no reasonable medical professional "would 'discontinue' [F]luconazole" under the facts present here. Aplt. Br. 4.

"To defeat a motion for summary judgment, evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise." *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). As the district court pointed out, James didn't identify below any evidence in the record that might support his assertion that no reasonable medical professional "would 'discontinue' [F]luconazole" under the facts present here. Aplt. Br. 4. Instead, James "offered . . . only his 'own speculation and conjecture.'" R. vol. 3, 102 (quoting *id.* at 80). And he likewise fails to direct our attention to any such evidence on appeal. Accordingly, we conclude that the district court didn't err in granting the defendants' motion for summary judgment on James' deliberate-indifference claim.

4

Next, James asserts that the district court erred in dismissing his conspiracy claim with prejudice. In support, he points out that "the magistrate judge raised the [conspiracy] issue sua sponte." Aplt. Br. 3. But that fact didn't deprive the district court of authority to dismiss James' conspiracy claim. Indeed, because James proceeded IFP below, the district court was required to dismiss "at any time if [it] determine[d] that . . . the action . . . fail[ed] to state a claim on which relief [could] be granted." § 1915(e)(2)(B)(ii); *see also Curley v. Perry*, 246 F.3d 1278, 1283–84 (10th Cir. 2001) (rejecting argument that "sua sponte dismissal under § 1915(e)(2)(B)(ii) without notice or opportunity to amend" violates Constitution (footnote omitted)). Accordingly, we reject this argument.

## Conclusion

For the reasons discussed above, we affirm the district court's order. As a final matter, we deny James' motion to proceed IFP on appeal. *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action.").

Entered for the Court

Nancy L. Moritz
Circuit Judge

5