**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CRYSTAL NICOLE JONES, a/k/a Crystal
Nicole Kuri,

      Plaintiff - Appellant,

v.

OFFICE OF ADMINISTRATIVE
HEARINGS; SANDRA L. SHARON,

      Defendants - Appellees.

_____

CRYSTAL NICOLE JONES,

      Plaintiff - Appellant.

v.

KANSAS STATE BOARD OF
NURSING; BRYCE D. BENEDICT;
JUDITH HINER; CAROL BRAGDON;
MARY BLUBAUGH,

      Defendants - Appellees.

No. 18-3153
(D.C. No. 2:18-CV-02173-CM-GEB)
(D. Kan.)

No. 18-3166
(D.C. No. 2:18-CV-02175-JAR-KGG)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate records, this panel has determined unanimously that oral argument wouldn't materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment isn't binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

Before **BACHARACH**, **MURPHY**, and **MORITZ**, Circuit Judges.

Crystal Jones filed separate complaints against multiple defendants, alleging that those defendants violated her constitutional rights under the Equal Protection Clause and the Due Process Clause. Proceeding pro se[1] and in forma pauperis (IFP), Jones now appeals the two separate orders—issued by two separate district courts— dismissing those complaints under 28 U.S.C. § 1915(e)(2)(B). For the reasons discussed below, we affirm.

## Background

Jones was formerly employed as a dispensing nurse at Matrix Center (Matrix), a methadone clinic that offers treatment for opioid addiction.[2] On January 26, 2015, Matrix manager Steve Kamu witnessed Jones dispensing medication at an "extremely slow pace." App. 18-3166, 33. As a result, Kamu ordered all Matrix employees to submit to drug testing. After Jones tested positive for methadone, Matrix terminated her employment on January 29, 2015. That same day, several Matrix patients

---

[1] Because Jones appears pro se, we liberally construe her filings. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009). But we won't act as her advocate. *See id.*

[2] We derive these historical facts from Jones's complaints and the documents attached thereto. *Cf. Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) ("[I]n deciding a motion to dismiss . . . , a court may look both to the complaint itself and to any documents attached as exhibits to the complaint."); *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) ("In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff.").

reported that their "take home doses [of methadone] were short"; they also indicated they believed Jones was responsible for shorting their prescriptions. *Id.* at 34.

After it learned of and investigated the allegations against Jones, the Kansas State Board of Nursing (the KSBN) referred her to the Kansas Nurse Assistance Program (KNAP). KNAP then recommended that Jones participate in a one-year monitoring program. But Jones refused to participate, in part because doing so would have required her to "abstain from alcohol for the time she was in the program." *Id.* at 35.

As a result, the KSBN petitioned to revoke Jones's nursing license, alleging that she violated the Kansas Nurse Practice Act by failing to complete the recommended monitoring program. Administrative Law Judge Sandra Sharon presided over the subsequent revocation hearing and concluded that Jones indeed violated the Kansas Nurse Practice Act. Sharon therefore granted the KSBN's petition to revoke Jones's license. Jones then petitioned the KSBN to review Sharon's decision. The KSBN denied her petition as well as her subsequent petition for reconsideration.

Proceeding IFP, Jones then filed two separate complaints—one against the KSBN and the other against the Office of Administrative Hearings (the OAH) and Sharon—alleging violations of the Equal Protection Clause and the Due Process

Clause.[3] In separate orders, two separate district courts sua sponte dismissed Jones's complaints pursuant to § 1915(e)(2)(B). Jones appeals.

## Analysis

"[O]nce a litigant has been granted IFP status, the district court is required to evaluate the claims for merit." *Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012). After performing that evaluation, the district court "shall dismiss the case" if it "determines that . . . the action or appeal . . . [1] is frivolous or malicious; [2] fails to state a claim on which relief may be granted; or [3] seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

## I.       Appeal No. 18-3166

In the first of these two appeals, Jones challenges the district court's order dismissing her due-process and equal-protection claims against the KSBN for failure to state a claim. *See* § 1915(e)(2)(B)(ii). We review the district court's order de novo. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts [s]he has alleged and it would be futile to give [her] an opportunity to amend." *Perkins*, 165 F.3d at 806. Critically, although "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," this

---

[3] Jones named additional defendants in her suit against the KSBN. But Jones doesn't mention her claims against those individuals on appeal. Accordingly, we do not address them further.

standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### A.     Jones's Procedural Due Process Claim

"[T]he Due Process Clause provides that certain substantive rights—life, liberty, and property—cannot be deprived except pursuant to constitutionally adequate procedures." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985). To that end, the Due Process Clause requires that any such deprivation "be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id.* at 542 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 313 (1950)).

Here, the district court dismissed Jones's procedural due-process claim because Jones "provide[d] no factual support in her pleading that raise[d] a plausible inference of lack of due process in the events that led to the revocation of her nursing license." App. 18-3166, 73. Instead, Jones simply asserted, repeatedly and without elaboration, that the KSBN violated her due-process rights. But such "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110. Further, as the district court pointed out, the documents attached to Jones's complaint show that she received numerous opportunities to be heard. In particular, those documents demonstrate that Jones received a full evidentiary hearing before the KSBN revoked her license, that

she repeatedly petitioned for review of the KSBN's orders, and that the KSBN fully considered her petitions.

On appeal, Jones fails to explain how or why these procedures were constitutionally inadequate. And we see no indication they were. Indeed, in the context of an adverse administrative action like the one at issue here, "something less" than the full evidentiary hearing that Jones received will generally suffice to satisfy the Due Process Clause. *Cleveland Bd. of Educ.*, 470 U.S. at 541 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 343 (1976)).

Thus, because Jones's complaint failed to provide sufficient "factual averments" to support her due-process claim, we agree with the district court that Jones failed to adequately state such a claim. *Hall*, 935 F.2d at 1110. And in light of the documents attached to Jones's complaint, we likewise agree with the district court that it would be futile to grant Jones an opportunity to amend. Accordingly, we affirm the district court's order dismissing Jones's due-process claim under § 1915(e)(2)(B)(ii).

**B.    The Equal Protection Claim**

Jones next challenges the district court's order dismissing her equal-protection claim. Generally speaking, the Equal Protection Clause precludes the government from treating individuals differently if those individuals are similarly situated—i.e., if those individuals "are alike in all relevant respects." *Grissom v. Roberts*, 902 F.3d 1162, 1173 (10th Cir. 2018) (quoting *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018)).

6

Here, the district court concluded that Jones "allege[d] no facts [to] support a plausible equal protection claim." App. 18-3166, 74. In particular, the district court pointed out that Jones failed to provide any facts in her complaint that might indicate there was "a difference in how [her] case was handled versus how any other case would be adjudicated." *Id.* On the contrary, the district court reasoned that the documents attached to Jones's complaint suggest just the opposite. For instance, the district court noted that those documents indicate Jones was able "to partake in the same hearing process that all nurses in Kansas go through when facing discipline by the KSBN," that Jones received "the chance to participate in a monitoring program," that "she had a full evidentiary hearing," and that "she utilized the appeals process that applies to KSBN disciplinary actions." *Id.*

Because Jones has not alleged, nor does the record on appeal establish, that the KSBN treated her differently than other similarly situated nurses, we agree with the district court that Jones failed to adequately plead an equal-protection claim and that it would be futile to grant her an opportunity to amend. We therefore affirm the district court's order dismissing Jones's equal-protection claim under § 1915(e)(2)(B)(ii).

## II.     Appeal No. 18-3153

In the second of these two appeals, Jones challenges the district court's order dismissing her complaint against the OAH and Sharon. Like her complaint against the KSBN, Jones's complaint against the OAH and Sharon alleged violations of the Equal Protection Clause and the Due Process Clause. And, like her claims against the

KSBN, Jones's claims against the OAH and Sharon were also dismissed pursuant to § 1915(e)(2)(B). Specifically, the district court concluded that the OAH and Sharon were both entitled to Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the [s]tate or valid congressional override, the Eleventh Amendment bars a damages action against a [s]tate in federal court. This bar remains in effect when [s]tate officials are sued for damages in their official capacity." (internal citation omitted)); *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (noting that "Eleventh Amendment immunity extends to states and state entities"). And the district court then dismissed Jones's claims against the OAH and Sharon under § 1915(e)(2)(B)(iii), which provides for dismissal of claims that "seek[] monetary relief against a defendant who is immune from such relief."

Jones doesn't acknowledge this basis for the district court's ruling, let alone identify any error in it. That is, she neither asserts that the district court erred in concluding that the OAH and Sharon enjoy Eleventh Amendment immunity nor suggests that the district court's Eleventh Amendment immunity finding was insufficient to trigger dismissal under § 1915(e)(2)(B)(iii). Instead, she merely repeats her allegations against the OAH and Sharon. But to prevail on appeal, Jones must do more than "[r]ecit[e] . . . a tale of apparent injustice"; she must "explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Nixon v. City & Cty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). Because she fails to do so, we affirm. *See id.* at 1369 (affirming district court's order dismissing appellant's due-process claim without further discussion because

8

appellant's "opening brief contain[ed] nary a word to challenge the basis of" district court's ruling).

## Conclusion

For the reasons set forth above, we affirm the district courts' orders dismissing Jones's claims against the KSBN, the OAH, and Sharon under § 1915(e)(2)(B).


Entered for the Court


Nancy L. Moritz
Circuit Judge